**UNITED STATES of America, Appellee,**

v.

**Ronald Earl ARCHER, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**James John BYRNES, Appellant.**

**Nos. 71-1040, 71-1315.**

United States Court of Appeals, Eighth Circuit.

Nov. 9, 1971.

Bruce C. Houdek, Public Defender for the Western District of Missouri, Kansas City, Mo., for appellant, Archer.

Lee E. Wells, Kansas City, Mo., for appellant, Byrnes.

Paul Anthony White, Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Defendants Ronald Earl Archer and James John Byrnes were convicted in separate trials arising out of kidnapping charges in violation of 18 U.S.C. §§ 2 and 1201(a). They filed separate appeals, consolidated for argument in this court. We affirm both convictions.

Defendant Archer urges that the evidence was not sufficient to sustain his conviction under the two count indictment. He also urges that he was denied a fair trial by reason of prejudicial comment by the prosecutor in closing argument. Defendant Byrnes asserts only that the court erred in failing to grant an acquittal because the government did not rebut his defense of insanity.

Evidence showed that on September 26, 1969, both defendants escaped from the Stafford County jail in St. John, Kansas. They stole a car in Kansas and eventually drove to Hardy, Arkansas. Byrnes, accompanied by Archer, accosted Reverend Garry Lynn Martin in Hardy and ordered him at gunpoint to drive the two escapees to Missouri. At the airport in West Plains, Missouri, Byrnes chartered a plane. While Byrnes was renting the plane defendant Archer held the gun on Reverend Martin in the car. The evidence showed that the three men were flown to Kansas City, Missouri. Shortly before landing Byrnes became concerned over being apprehended and ordered the pilot, Charles Hopkins, to fly them to Hiawatha, Kansas. Bad weather changed the route again, forcing them to fly to Lamoni, Iowa, and subsequently to Des Moines, Iowa. There Byrnes and Archer left both victims unharmed.

In the first count Archer was found guilty of kidnapping Charles Hopkins and transporting him from Kansas City, Missouri, to Des Moines, Iowa. In the second count, he was found guilty of kidnapping and taking Reverend Martin from Hardy, Arkansas, to West Plains, Missouri, by automobile and then to Des Moines by airplane. Archer contends that there was no evidence that he participated in either crime and that his mere presence during these events was insufficient proof of his guilt.

We find the evidence sufficiently strong to demonstrate that Byrnes' initiatives were not opposed but rather condoned and adopted by Archer in effecting the double kidnapping. While it is true that mere association with one engaged in a crime is not sufficient to establish guilt, a person's prolonged presence when accompanied with a culpable purpose in being there (e. g. holding a gun on one of the victims) may suffice for the government's proof. Cf. United States v. Kelton, 446 F.2d 669 (8 Cir. 1971). Here Archer's presence facilitated the unlawful conduct of Byrnes by his collaboration in carrying out these kidnappings. The overall record convinces us that no other conclusion is tenable.

Archer's complaint as to the prejudicial argument is directed to the prosecutor's comment in closing argument. The prosecutor observed that: "He wasn't a victim. He was an escaped convict. True, he wasn't as experienced as the witness they produced, but he was a convict." This argument was not objected to at trial and the claim ought not to be considered on appeal. Mitchell v. United States, 208 F.2d 854 (8 Cir. 1954), cert. denied, 347 U.S. 1012, 74 S.Ct. 863, 98 L.Ed. 1135. Notwithstanding, we fail to see on the present record how this comment deprived the defendant of a fair trial. Assuming error, we find the comment was harmless. See United States v. Lewis, 423 F.2d 457 (8 Cir. 1970); United States v. Miller, 410 F.2d 1290 (8 Cir. 1969), cert. denied, 396 U.S. 830, 90 S. Ct. 81, 24 L.Ed.2d 80.

Defendant Byrnes suggests that his overall evidence rebutted the presumption of his sanity. He asserts that he is entitled to an acquittal since the record is undisputed that he was incompetent throughout his participation in the crimes by reason of his intense suffering from an infected leg wound. The insanity issue (and it is even questionable whether any such issue existed for the jury here) is generally one of fact for the jury's resolution. The government may sustain its burden on proof of the issue of insanity even though it lacks medical testimony. Here the observations of Byrnes' conduct and conversations, as testified to by both victims, sufficiently established a jury issue as to the defendant's insanity. Cf. Bradley v. United States, 447 F.2d 264 (8 Cir. 1971).

The judgments of conviction of both defendants are affirmed.