**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Otis HENSON, Defendant-Appellant.**

**No. 71–1084.**

United States Court of Appeals,
Eighth Circuit.

March 7, 1972.

Bruce C. Houdek, Federal Public Defender for the Western District of Missouri, Kansas City, Mo., for appellant.

Paul Anthony White, Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee.

Before BREITENSTEIN,* HEANEY, and STEPHENSON, Circuit Judges.

PER CURIAM.

Count I of the indictment charged defendant-appellant Henson with conspiracy to rob a federally insured savings and loan association, and Count II charged him with aiding and abetting the actual robbery of the association on August 3, 1970. The jury found him guilty on each count and he was sentenced to 5 years on Count I and 20 years on Count II, the sentences to be served concurrently. The only question raised on this appeal is the sufficiency of the evidence to sustain the conviction under the aiding and abetting count.

The principal witnesses for the government were participants in the enterprise. Their credibility was a question for jury determination. We must view the evidence in the light most favorable to the jury verdict, accept as established all reasonable inferences that tend to support the action of the jury, and resolve any evidentiary conflicts in favor of the jury verdict. United States

* Of the Tenth Circuit, sitting by designation.

v. Scarpellino, 8 Cir., 431 F.2d 475, 477; see also Teel v. United States, 8 Cir., 407 F.2d 604, 605, and United States v. Francisco, 8 Cir., 410 F.2d 1283, 1286.

 Between middle July and August 3, Henson met with others several times and discussed plans for a bank robbery. The group surveyed banks in the area the selected Blue Valley Federal Savings and Loan Association as their target. Henson told the group that Blue Valley was an "easy hit." He and another gave instructions as to the part to be played by each participant and he warned that any one who "froze up" would be shot.

On the Friday before the actual robbery, an abortive attempt was made to rob the association. In connection therewith Henson picked up three of the group after they abandoned a car stolen for use in the escapade. After the unsuccessful effort Henson met with the group on Sunday and on Monday morning. On Sunday they went with Henson to the Blue Valley location to "case the place." The actual robbery occurred on the morning of August 3. There is no evidence that Henson was present at the robbery. The defenses were denial and alibi.

Henson argues that the evidence shows nothing more than association and presence and, hence, is insufficient to convict him as an aider and abettor. See United States v. Kelton, 8 Cir., 446 F.2d 669, 671. We do not agree. Over a period of several days Henson took part in the planning, joined in the inspection and selection of the objective, and gave instructions as to the method of operation. Here we have prolonged presence, culpable intent, and active collaboration. This is enough. United States v. Archer, 8 Cir., 450 F.2d 1106, 1108.

 Finally, Henson says that he withdrew from the enterprise before the actual robbery. The argument is that he left the enterprise after the abortive attempt on the Friday before the actual robbery. The record shows that between then and the Monday robbery, Henson met with the group twice and was with them on Sunday when they viewed the premises. Hence, we have continued participation rather than withdrawal. Nothing in the record establishes renunciation or abandonment of the enterprise by Henson.

Affirmed.