UNITED STATES of America,
Appellee,

v.

Allie Eugene JOHNSON, Appellant.

No. 72–1027.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1972.

Decided July 10, 1972.

Commodore M. Combs, Jr., Kansas City, Mo., for appellant.

J. Whitfield Moody, First Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Kansas City, Mo., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and URBOM,* Chief District Judge.

PER CURIAM.

Defendant-Appellant Johnson was found guilty by the jury on Count I which charged him with conspiracy to rob a bank and on Count II which charged aiding and abetting the robbery of the same bank. The trial court set aside his conviction on Count I upon the ground that the evidence was insufficient to support the conviction, but denied his motion for acquittal, or in the alternative, for a new trial on the aiding and abetting count.[1] The Court suspended execution of appellant's sentence of two-years imprisonment on Count II pending determination of the present appeal. We affirm.

Appellant contends the evidence was insufficient to support his conviction of aiding and abetting. The facts of the robbery were stipulated. The bank was robbed on August 14, 1970 by Frank Marcelis White, Jr. and Roscoe R. King, Jr. Shortly after the funds were taken, in a shooting incident outside the bank, King was mortally wounded and White was wounded and captured. White, the principal witness for the Government in the trial, testified concerning appellant's participation in the crime. On the day of the robbery appellant was present on two occasions in an apartment when plans for the robbery were discussed. On the first occasion appellant agreed to steal a car to be used in the robbery. Shortly thereafter appellant stole a car, returned to the meeting place, after which the stolen car was used to transport King and White to the scene of the robbery. Appellant left the apartment in another car, stolen by

* Of the District of Nebraska, sitting by designation.

1. United States v. Johnson, Hill, 334 F. Supp. 982 (W.D.Mo.1971).

White, which was to be the second "getaway" or "switch" car.

The matter of credibility of the witnesses and the inferences to be drawn therefrom was for the jury. United States v. Henson, 456 F.2d 1045 (8 Cir. 1972); United States v. Archer, 450 F. 2d 1106 (8 Cir. 1971). We do not agree with appellant's contention that the evidence discloses that appellant was merely present during the planning of the robbery and that his activity fell short of criminal participation in the crime charged. The inferences favorable to the Government show that appellant actively participated in the criminal venture. He assisted in its perpetration by stealing the car that was to be used in carrying out the robbery. Nye and Nissen v. United States, 336 U.S. 613, 69 S. Ct. 766, 93 L.Ed. 919 (1949); *Henson, supra; Archer, supra; cf.* United States v. Kelton, 446 F.2d 669 (8 Cir. 1971).

■ Appellant's remaining contentions as to admissibility of evidence concerning conversations, and misjoinder, are without merit and require little comment. The trial court limited the evidence as to conversations to those had in the presence of appellant and thus avoided the problem presented in Krulewitz v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949). Joinder of the conspiracy and substantive offenses was proper under the circumstances and the mere fact that the trial court entered judgment of acquittal on the conspiracy count does not mandate a finding of prejudicial misjoinder of charges. Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 1739 (1960). The record supports the trial court's finding that none of the evidence admitted to establish the conspiracy prejudicially affected appellant's right to a fair trial on the aiding and abetting count.

Affirmed.