**UNITED STATES of America,**
**Appellee,**

v.

**Betty Lou Hill, Appellant.**

**No. 72–1118.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1972.

Decided July 10, 1972.

Robert G. Duncan, Kansas City, Mo., for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., Daniel Bartlett, Jr., U. S. Atty., William C. Martin, Asst. U. S. Atty., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and URBOM*, Chief District Judge.

STEPHENSON, Circuit Judge.

Appellant Hill and a co-defendant Johnson were tried and found guilty by a jury of both counts of an indictment charging them with conspiracy to rob a bank and a second substantive count of aiding and abetting the robbery of the same bank. The trial court entered judgment of acquittal as to both defendants on the conspiracy count and ordered a new trial for appellant Hill on the aiding and abetting count.[1] Appellant was again tried and found guilty by the jury on Count II. The trial court in denying appellant Hill's motion for judgment of acquittal notwithstanding the verdict made the following observation:

In our memorandum and order filed December 7, 1971, which granted this defendant a new trial, we stated that 'It is obvious that the question of whether the government made a submissible case against defendant Hill for aiding and abetting is an extremely close question.' We then indicated

that on retrial it was possible that the government might produce more evidence. That possibility, however, was not realized and we are again faced with what we believe to be an extremely close case. Indeed, so close, that it is our judgment that the defendant should be afforded the opportunity of having the appraisal of the Court of Appeals before serving any sentence of custody which may be imposed by this Court.

 We agree with the trial court's observation that we are faced with "an extremely close case." After careful review of the record we are convinced that the trial court erred in not entering a judgment of acquittal. The evidence introduced in the second trial was similar to that offered in the first trial[2] and will be repeated only to the extent necessary to a clarification of our ruling.

The sole evidence in the case consisted of the testimony of an accomplice and participant in the actual robbery, Frank Marcelis White, Jr., plus a stipulation setting out the facts of the robbery including the fatal shooting of Roscoe King, Jr. and the wounding of the witness White at the scene. We, of course, take that view of the evidence most favorable to the Government. United States v. Henson, 456 F.2d 1045 (8 Cir. 1972); United States v. Archer, 450 F. 2d 1106 (8 Cir. 1971). We also recognize that the conviction may rest on the uncorroborated testimony of an accomplice if it is not otherwise incredible or unsubstantial on its face. Williams v. United States, 328 F.2d 256, 259 (8 Cir. 1964).

White testified that: On the day of the robbery he met with King and others in an apartment in Kansas City; one of the individuals, Green, left and returned with appellant; in appellant's presence Green stated that appellant

---

* Of the District of Nebraska, sitting by designation.

1. United States v. Johnson and Hill, 334 F.Supp. 982 (D.C.1971). Johnson's conviction on Count II was affirmed by the trial court and affirmed by us in United States v. Johnson, 8 Cir., 462 F.2d 608, filed this date.)

2. See Fn 1.

would be waiting on a corner (to which King and White would be driven by one Stamps after the robbery); "and we was supposed to give her (appellant) the guns and the money;" "and she just sat there and she had her glass, she shook her head (later described as a nod of the head) like she understood what he was talking about, then she got up and went in the bedroom;" when the parties left the apartment appellant got in a rented car with Green and a man by the name of Frank, she was carrying a "big" handbag;[3] four or five blocks after leaving the apartment, White lost track of the car in which appellant was riding; he did not see appellant again until her first trial on the charges herein. No other evidence was offered except the stipulation as to the fact of the robbery and the shooting which took place at the scene.

The Government contends that appellant's assent (nod of the head) to her part in the plan, plus her other actions in leaving the apartment at the same time as the other participants and getting into the car which Green was driving indicated her desire and cooperation in seeing that the plan succeeded, thus making her an aider and abetter under the law. Appellant, on the other hand, contends that at the most her actions indicated negative acquiescence which was insufficient to constitute the offense charged.

In United States v. Kelton, 446 F.2d 669, 671 (8 Cir. 1971) this Court reviewed the essentials of aiding and abetting. "Specific intent" or "purposive attitude" is required. "Mere association as opposed to participation" is not enough to establish guilt. Mere presence at the scene is insufficient, it must be accompanied by a culpable purpose. In Johnson v. United States, 195 F.2d 673, 675 (8 Cir. 1952) we observed, "As the term 'aiding and abetting' implies, it assumes some participation in the criminal act in furtherance of the common design, either before or at the time the criminal act is committed. It implies some conduct of an affirmative nature and mere negative acquiescence is not sufficient." We are not satisfied that appellant's presence during a portion of one of the conversations where Green indicated the various parts the participants were to play in the criminal venture, accompanied by appellant's nod of assent, was sufficient to make her a wilful participant. The additional fact that appellant departed in Green's car carrying a handbag indicates that at that point she could be employed in the criminal venture in the manner prescribed by Green. But with nothing more we cannot say that that evidence adequately establishes wilful participation in the criminal venture so as to make her an aider and abettor. Passive assent without affirmative action under those circumstances was insufficient. The mere fact that we may speculate that she ultimately would have participated is not enough.

Reversed and remanded for entry of judgment of acquittal.

---

3. White did not recall whether appellant had the handbag in the apartment or not. He did recall she had it with her when she went to get in the car and depart with Green.