UNITED STATES of America, Appellee,

v.

Charles Bruce ABRAHAMSON, Appellant.

No. 77–1643.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1977.

Decided Jan. 13, 1978.

---

John R. Wylde, St. Paul, Minn., argued and on brief, for appellant.

Andrew W. Danielson, U. S. Atty., John M. Lee, Asst. U. S. Atty. (argued), and Jeff Brinckman, Legal Intern, Minneapolis, Minn., on brief, for appellee.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Appellant Charles Abrahamson was convicted on an indictment charging him with three counts of distribution and one count each of possession with intent to distribute, and conspiracy to possess and distribute, cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841 and 846. As grounds for reversal appellant alleges (1) error in the admission of certain tape recorded conversations and other allegedly hearsay testimony, and (2) insufficiency of the evidence to sustain his convictions. We affirm.

The essential facts are not in dispute. On April 12, 1977, two federal narcotics agents and a "cooperating individual" bought approximately ½ ounce of cocaine from one Henry Rehder at the Green Haven Country Club in Anoka, Minnesota. The next day the agents bought another ½ ounce of cocaine from Rehder at a tavern in Crystal, Minnesota. In each transaction the agents paid for the drugs with currency having prerecorded serial numbers. Following the second purchase the agents asked Rehder if he could supply more cocaine; Rehder responded that he would have to check with his "source," the latter being described only as being someone from Fort Lauderdale, Florida.

The following day, April 14, the agents again met with Rehder, this time at a Holiday Inn in Anoka. They showed Rehder $8,000 which they proposed to use for the purchase of five ounces of cocaine. Rehder inspected the money, then told the agents he would go get the cocaine from his partner's house and return with it. Rehder was followed to a residence in Anoka; he was observed entering the house and leaving it again about ten minutes later and followed back to the Holiday Inn. Rehder produced two ounces of cocaine for the agents, explaining that once he returned with the money the other three ounces could be obtained from his source, whom he said was waiting at his partner's house. The agents then arrested Rehder and went to the house in Anoka to which Rehder had been followed earlier. In the house were Mr. and Mrs. Gerald Morris (the owners of the house) and the appellant Abrahamson. A search of the house produced Abrahamson's suitcase; inside the suitcase were three ounces of cocaine in a bank bag from a Fort Lauderdale, Florida bank and ten $100 bills with serial numbers matching those on the bills used by the agents to purchase cocaine from Rehder the previous two days. Following trial the jury returned its verdict of guilty against Abrahamson.

1. While no objection was made to Rehder's statements, we note that their admission was not error. As discussed later in the text of this opinion, we are satisfied that the evidence

## I. Hearsay Objections.

■ Following the transactions of April 12 and 13 and preparatory to the transaction of the 14th, the agents conducted five telephone conversations with Henry Rehder. These conversations were tape recorded and the recordings were played for the jury during trial. Abrahamson claims those portions of the recordings consisting of statements by the agents were inadmissible hearsay; no objection is made to the admission of Rehder's statements.[1] This assertion is plainly without merit. The statements of the agents were not offered as proof of the matters asserted by them but only to provide a context for Rehder's end of the conversation. Nor did the agents relate any declarations made by third persons during those conversations. We therefore find nothing in the nature of hearsay and nothing otherwise prejudicial contained in the recorded conversations.

■ Abrahamson next complains of a statement made by one of the agents during cross-examination. Agent Tomcik was asked to relate certain statements made by Rehder to an informant. Tomcik responded by testifying that the informant had told Tomcik that Rehder said his "partner" had the cocaine and was prepared to sell. The apparent purpose of this testimony was to implicate Rehder's "partner" as the supplier of the drugs. The government seeks to justify this statement under the provisions of Fed.R.Evid. 801(d)(2)(E), which defines as not hearsay "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." However, the statement offered by agent Tomcik was not that of Henry Rehder but that of an unidentified informant. As such the statement was hearsay and should have been excluded. *See United States v. Williams*, 548 F.2d 228, 232 (8th Cir. 1977). We therefore consider whether the error was prejudicial.

clearly established Rehder as a coconspirator of appellant. As such, his statements are not hearsay. *See* Fed.R.Evid. 801(d)(2)(E).

Henry Rehder also testified at the trial and identified appellant Abrahamson as the supplier of all the cocaine involved in the subject transactions. He further testified that Abrahamson was given $1,000 as his share of the purchase price for the cocaine sold to the agents on April 12 and 13. In view of this testimony the informant's statements concerning what Rehder had told him were merely cumulative and could not have prejudiced Abrahamson.

## II. Sufficiency of the Evidence.

 Abrahamson claims the evidence was insufficient to convict him. We disagree. As discussed above the testimony of his cohort Rehder establishes Abrahamson as an active participant in all the transactions in question. "It is well settled that the uncorroborated testimony of an accomplice is sufficient to sustain a conviction if it is not otherwise incredible or unsubstantial on its face." *United States v. Knight*, 547 F.2d 75, 76 (8th Cir. 1976); *United States v. Hill*, 464 F.2d 1287, 1288 (8th Cir. 1972). We are satisfied that Rehder's status as an accomplice was well established and that his testimony was not patently incredible. In addition, the government produced circumstantial evidence strongly corroborative of Rehder's testimony. Particularly noteworthy was the discovery inside Abrahamson's suitcase of the $1,000 in marked bills and the three ounces of cocaine inside a bank bag from Abrahamson's Fort Lauderdale bank. Viewing this evidence, as we must, in the light most favorable to the government, *United States v. Hill, supra*, 464 F.2d at 1288, we conclude that Abrahamson's convictions were not based on insufficient evidence.

Judgment affirmed.