Benjamin Tovorerd **LERMA**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18770.

United States Court of Appeals
Eighth Circuit.

Jan. 3, 1968.

Edward M. Cohen, Minneapolis, Minn., for appellant and filed brief.

Neil P. Convery, Asst. U. S. Atty., Minneapolis, Minn., for appellee; Patrick J. Foley, U. S. Atty., was on the brief.

Before VAN OOSTERHOUT, GIBSON and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant has taken this timely appeal from his conviction by a jury and the resulting sentence upon Count I of an indictment charging defendant with transportation of a woman, Marcy Walker, in interstate commerce from Minneapolis, Minnesota, to Gary, Indiana, on or about May 27, 1965, for the purpose of prostitution in violation of 18 U.S.C.A. § 2421.[1]

Defendant urges he is entitled to a reversal for the following reasons:

I. Error in denying his motion for acquittal.

II. Error in refusing to strike testimony of Genova to the effect that Ruby Hayden took $70 from him.

III. Error in allowing the Government to examine the witness Marcy Walker as a hostile witness.

IV. Prejudicial misconduct by the prosecuting attorney.

We have carefully examined the entire record. We find defendant has failed to establish any of his asserted grounds of error and that the conviction should be affirmed for the reasons hereinafter set out.

I.

Defendant, at the close of the Government's case, rested without offering any evidence. He moved for a judgment of acquittal on Count I upon the ground that the Government had failed to prove the interstate transportation and had likewise failed to prove the necessary criminal intent. Such motion was properly overruled.

■■ The parties are in agreement that it is necessary for the Government to prove as essential elements of the offense charged the interstate transportation of the victim and the existence, in the defendant's mind at the time of the transportation, of the intent to have the victim enter into prostitution activities. See Mortensen v. United States, 322 U.S. 369, 374, 64 S.Ct. 1037, 88 L.Ed. 1331; Batsell v. United States, 8 Cir., 217 F.2d 257, 261. The evidence on the issues of intent and transportation is largely circumstantial. The court properly instructed the jury on the circumstantial evidence, including therein the following: "If, however, circumstances to be considered in determining defendant's guilt are just as consistent with innocence as guilt, then the verdict must be one of not guilty." See Byrth v. United States, 8 Cir., 327 F.2d 917, 919; Sykes

---

1. The court sustained defendant's motion for acquittal and dismissed Count II, the other count in the indictment which charged defendant with inducing or enticing Ruby Jean Hayden to go from Minneapolis to Gary for purposes of prostitution and that he knowingly caused her to be transported for such purpose by the Greyhound Bus Lines, an interstate commerce carrier, in violation of 18 U.S.C.A. § 2422.

v. United States, 8 Cir., 312 F.2d 232, 235.

We do not deem it necessary to go into the evidence in detail. There is substantial evidence by Nancy Schlueter, an admitted prostitute, that in May of 1965 she engaged in prostitution for the defendant; that she usually turned her tricks in an apartment furnished by the defendant; that Marcy Walker, Ruby Hayden and other women were similarly engaged; that the defendant would take them to their solicitation locations and drive around and watch them. Marcy Walker, while denying employment by defendant, admitted that she is a prostitute. The landlord testified the apartment was rented to the defendant. Officer Oly of the Minneapolis vice squad testified that on May 26 he observed Marcy Walker, Nancy Schlueter and Ruby Hayden in defendant's apartment and that on May 25 he saw Marcy Walker driving defendant's red Buick car with defendant and other girls as occupants. There is also the Genova incident discussed at point II. There is substantial evidence to the effect that defendant was engaged in promoting prostitution and that a business relationship existed in that connection between defendant and Marcy Walker as well as other prostitutes.

Sufficient evidence exists to support a reasonable inference that defendant transported Marcy Walker in his red Buick car, Illinois license number GY5827, to Gary, Indiana, via Des Moines, Iowa. The manager of the Howard Johnson Motel in Des Moines produced his May 28 registration card showing Mr. and Mrs. B. Lerma and Mrs. M. Walker registered on that date and at the same time each listed car license GY5827.

The Sheraton Inn Motel in Gary, Indiana, shows registration of Mr. and Mrs. B. Lerma and Mazie Spears on May 29, 1965, and that all were assigned to the same room as a party of three, and with the notation of the same Buick automobile. Mrs. Walker was identified by the motel operator; and a member of the Gary vice squad and an FBI agent testified that they saw the defendant, Mrs. Walker and Ruby Hayden in the city jail at Gary on May 30, 1965.

Marcy Walker and Ruby Hayden were extremely evasive in their testimony but admitted being in Des Moines, Iowa, and Gary, Indiana, at the times stated. They denied being transported to Gary by defendant and denied seeing him in Gary. They admitted that they tried to turn some tricks but stated they were not successful. There is no evidence in the record that the trip to Gary was made for any legitimate purpose. The foregoing evidence and the record as a whole adequately establishes sufficient evidentiary support for the conviction.

II.

Mr. Genova testified that he was induced, while accompanied in his car by Ruby Hayden, to follow defendant's car and that he wound up at the defendant's apartment. He was hit on the head with a beer bottle by Ruby Hayden and relieved of the money he had, amounting to about $70. He reported the incident to the police. Genova did not see defendant at the apartment or produce any evidence that the defendant took part in the theft. The next morning the defendant returned the $70 to officer Oly who returned it to Genova in defendant's presence. The court properly overruled defendant's motion to strike such testimony. The testimony was admissible to show a connection and relationship between the defendant and Ruby Hayden, who was the victim in the Count II indictment discussed in footnote 1, at the time the evidence was received. Defendant's action here was consistent with the promise that he made in the employment of Nancy Schlueter that he would protect her on any charges that might be filed. The evidence has a bearing upon defendant's method of operation and his relationship with his employees. See Wiley v. United States, 8 Cir., 257 F.2d 900, 910.

The court, at the time the foregoing evidence was received and again in its

instructions, clearly advised the jury that the testimony was introduced only for the limited purpose in so far as it may throw light on the relationship between the defendant and Ruby Hayden, and that there was no evidence defendant had anything to do with the robbery and that the jury should not let the testimony relating to what Ruby Hayden did create any prejudice against the defendant. No exception was taken to this instruction nor was any request made for an additional instruction. Defendant has not demonstrated that prejudicial error was committed in refusing to strike Genova's testimony.

### III.

The trial court permitted the Government to examine Marcy Walker as a hostile witness and to use her grand jury testimony in an attempt to refresh her recollection and as a foundation for impeachment. Defendant contends the court committed prejudicial error in so doing. Mrs. Walker had told the grand jury that defendant had transported her to Gary for prostitution purposes and that she was employed by defendant for such purposes. At the trial, Mrs. Walker first raised her Fifth Amendment privilege. When the court denied such privilege and ordered her to testify, she complied. The testimony at the trial was in sharp conflict with that given before the grand jury. The record reflects that Mrs. Walker did not want to testify and there is no definite indication that the prosecution had information that she was going to change her story.

■■ The propriety of declaring a witness hostile or finding surprise on the part of the prosecution so as to permit cross-examination of a witness produced rests largely in the discretion of the trial court and by reason of the trial court's advantage and position by his presence at the trial, great latitude should be allowed. Goings v. United States, 8 Cir., 377 F.2d 753, 762; Costello v. United States, 8 Cir., 255 F.2d 389, 396–397; Mitchell v. United States, 8 Cir., 208 F.2d 854, 857; Ellis v. United States, 8 Cir., 138 F.2d 612, 616. No abuse of discretion has here been shown.

■ It is of course well-established that prior testimony of a witness used for refreshment or impeachment purposes does not constitute affirmative evidence to support a conviction. Cox v. United States, 8 Cir., 284 F.2d 704, 708. The court so advised the jury in an appropriate instruction. No exception or request for enlargement of the instruction was made. We hold no prejudicial error was committed in permitting the cross-examination of Mrs. Walker as a hostile witness and that such examination was held within appropriate bounds.

### IV.

■ Defendant's last asserted error of prejudicial conduct by the prosecutor sets out only generalities and conclusions. Defendant does not set out the statements and arguments which he complains of nor the objection or motion, if any, he made directed thereto as required by our rules. No attempt is made to show how or why defendant was prejudiced. He concedes that in thirty-three of thirty-six unspecified instances, his objections were sustained. Generally a motion for a mistrial or other appropriate foundation in the trial court is a necessary prerequisite to assertion of prejudicial misconduct as error upon appeal. Whitehorn v. United States, 8 Cir., 380 F.2d 909, 913; Petschl v. United States, 8 Cir., 369 F.2d 769, 773. Our examination of the record satisfies us that no conduct on the part of the prosecutor reaches the level of plain error or prejudicial error.

The trial court conducted the trial fairly with respect to all parties and the instructions given are simple, clear and fair. No exceptions were taken to any of the instructions. The defendant has totally failed to demonstrate that any prejudicial error was committed by the trial court.

The judgment of conviction is affirmed.