**UNITED STATES of America, Appellee,**

v.

**James Donald YARBROUGH, Appellant.**

**No. 24337.**

United States Court of Appeals, Ninth Circuit.

Feb. 6, 1970.

Michael M. Moore (argued), Tucson, Ariz., for appellant.

James Wilkes, Jo Ann D. Diamos, Asst. U. S. Attys., Richard K. Burke, U. S. Atty., for appellee.

Before BARNES, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM.

In a jury trial Yarbrough was found guilty of having transported a stolen motor vehicle in interstate commerce. 18 U.S.C. § 2312. In his appeal from the judgment of conviction, Yarbrough contends that the receiving into evidence of the Government's exhibit number 4 constituted prejudicial error. The exhibit was a new car invoice issued by the Ford Motor Company in connection with the original purchase of the automobile in question. The exhibit was identified by the Government's witness Henderson, Secretary-Treasurer of Mort Hall Ford, of Houston, Texas, and the custodian of his company's records. He testified that exhibit number 4 came into his possession when the automobile was delivered to his company, that it had been date stamped upon its receipt by his company, and that it had been retained in the regular course of his company's business. The document was thereupon received into evidence over Yarbrough's objection that no adequate foundation for its admissibility had been established. In receiving the evidence the court relied upon the Federal Business Records Act. 28 U.S.C. § 1732. Inasmuch as the invoice in question was a hearsay document not prepared by the company to which it was delivered and who maintained its custody, the court's reliance upon the Business Records Act may have been misplaced. *Compare* United States v. De Georgia, 420 F.2d 889 (9th Cir. 1969).

In this particular case, however, the question is not important. The exhibit was material only to the issue as to whether the vehicle in question was a stolen vehicle. On this issue, the evidence was quite overwhelming. When apprehended, Yarbrough was operating the automobile by means of a "hot-wire," without an ignition key. He admitted that the vehicle had been stolen "by a juvenile," but claimed that he had been paid to return it to a person in California. The challenged exhibit did not purport to prove that Yarbrough possessed the car unlawfully but only that another concern had once acquired its lawful ownership. In these circumstances, the error, if any, in receiving the exhibit, was harmless.

Affirmed.