**UNITED STATES of America,
Appellee,**

v.

**Hilton Jerry KELTON, Appellant.**

**No. 20659.**

United States Court of Appeals,
Eighth Circuit.

Aug. 9, 1971.

Robert G. Duncan, Kansas City, Mo., for appellant.

Anthony P. Nugent, Jr., Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., Patrick K. Monahan, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before LAY, HEANEY, and BRIGHT, Circuit Judges.

LAY, Circuit Judge.

The defendant Hilton Jerry Kelton (hereinafter called Jerry) was found guilty under 18 U.S.C. § 2113 of willfully aiding and abetting the commission of a robbery of the Empire State Bank of Kansas City, Missouri. Defendant was acquitted of the charge of conspiring to commit the same robbery. On appeal we reverse the conviction and hold that the defendant is entitled to a judgment of acquittal on the ground that the evidence is insufficient to support the conviction.

On July 29, 1970, at 1:55 p. m. the Empire State Bank was robbed by three armed youths. These youths were later identified and arrested and subsequently admitted the robbery. All three testified at trial, admitting their criminal conduct, but stating that they were instructed and counseled by several other men. The record shows that the three boys were contacted on the morning of the robbery by two men, identified by the government as Earl Thomas Cole and Darris White. They were driven to the apartment of Milton Terry Kelton (hereinafter called Terry), the twin brother of the defendant. After their arrival one of the boys left with Terry and Cole to steal a car to use in the robbery. The others waited in the living room. There was testimony that at this time the defendant Jerry Kelton was present in the living room and was observed handling a gun. Thereafter everyone present, with the exception of the defendant, moved from the living room into the bedroom. At this time the three boys met with Cole, White, Terry Kelton and an unidentified man and planned the robbery. Terry provided them with guns during this meeting. After the plans were laid, the boys were driven to the bank and the robbery was committed. In making their get-away, the boys used one vehicle and threw the stolen bank money into another which was driven away by an unidentified man.

The government contends the defendant, Jerry Kelton, was guilty of aiding and abetting the robbery by the following evidence: (1) his presence in the apartment at the time the robbery was planned; (2) his handling a gun in the apartment before the robbery; (3) his handing a shirt to one of the boys before the robbery; and (4) proof of his unemployment for a year prior to the robbery and his possession of over $997 in bills at the time of his arrest the day after the robbery.

The trial court instructed the jury "if he (the defendant) did anything knowing that there was to be a robbery, if he helped in any way to carry it out, he would be just as guilty as if he were there and present." The difficulty with the government's proof is that there exists no evidence on the present record that the defendant knew there was to be a robbery or that he helped in any way to carry it out.

All of the government witnesses acknowledged that the defendant was not in the bedroom when the robbery plan was discussed. One of the young men as he was leaving to commit the robbery was dressed in an undershirt. He asked the defendant, Jerry Kelton, if he had an extra shirt. Jerry gave him a banlon shirt. No discussion was had concerning the robbery and no explanation was given as to why the shirt was needed. The evidence concerning the gun is equally innocent in circumstance. The testimony shows that Jerry handled the gun in the living room before the robbery; and that the gun was later given

to one of the boys in the bedroom by Terry. However, it is undisputed that Jerry was not present when this occurred. Nothing in the testimony indicates that Jerry had knowledge of the use for which the gun was intended.

■■ The crime of aiding and abetting is one requiring "specific intent" or as Judge L. Hand once described it "purposive attitude." United States v. Peoni, 100 F.2d 401, 402 (2 Cir. 1938). Mere association, as opposed to participation, is not sufficient to establish guilt. Baker v. United States, 395 F.2d 368 (8 Cir. 1968); Ramirez v. United States, 363 F.2d 33, 34 (9 Cir. 1966). Nor is mere presence at the scene of a crime alone sufficient to sustain the burden of proof the government bears. United States v. Williams, 341 U.S. 58, 64, n. 4, 71 S.Ct. 595, 95 L.Ed. 747 (1951); Hicks v. United States, 150 U.S. 442, 450, 14 S.Ct. 144, 37 L.Ed. 1137 (1893); Johnson v. United States, 195 F.2d 673 (8 Cir. 1952). Presence must be accompanied by a culpable purpose before it can be equated with aiding and abetting. There is no evidence of such purpose shown here. As explained by the Court of Appeals for the District of Columbia in Bailey v. United States, 135 U.S.App.D.C. 95, 416 F.2d 1110, 1113–1114 (1969):

"Presence is * * * equated to aiding and abetting when it is shown that it designedly encourages the perpetrator facilitates the unlawful deed —as when the accused acts as a lookout—or where it stimulates others to render assistance to the criminal act. But presence without these or similar attributes is insufficient to identify the accused as a party to the criminality."

The necessity for proving facts other than presence has been explained as "an essential safeguard against the ever present danger of *assuming the complicity* of all in attendance whenever group activity is involved * * * The courts have the responsibility to make sure that mere speculation is not permitted to substitute for proof in such cases." (Emphasis ours). United States v. Barber, 429 F.2d 1394, 1397 (3 Cir. 1970).

■ Evidence that an accused is unemployed and found in possession of a substantial sum of money shortly after a commission of a robbery is generally said to be admissible as corroborative of guilt. However, such proof standing alone or even coupled with the other factual evidence submitted here falls short of demonstrating that this defendant aided and abetted the crime in any way. Cf. United States v. Jones, 418 F.2d 818 (8 Cir. 1969). There is no claim that the bills found on the defendant were part of or even resembled packets of the stolen money. Cf. Crawley v. United States, 268 F.2d 808 (4 Cir. 1959).

■ It is true that the government is entitled to the benefit of all reasonable inferences to be drawn from the evidence. However, where the government's evidence is equally strong to infer innocence of the crime charged as it is to infer guilt, the verdict must be one of not guilty and the court has a duty to direct an acquittal. See United States v. Jones, supra; Lerma v. United States, 387 F.2d 187, 188 (8 Cir. 1968); Sykes v. United States, 312 F.2d 232, 235 (8 Cir. 1963), cert. denied 373 U.S. 942, 83 S.Ct. 1551, 10 L.Ed.2d 698.

■ We find a total lack of evidence to show that the defendant engaged in some affirmative conduct in furtherance of the crime. Under the circumstances, there exists no predicate of proof to support the jury verdict.

Reversed and remanded with directions to enter a judgment of acquittal.