UNITED STATES of America,
Appellee,

v.

Leonard Gene THOMAS, a/k/a Leonard
G. Tuttle, Appellant.

UNITED STATES of America,
Appellee,

v.

LeRoy Wayne THOMAS, a/k/a LeRoy
W. Tuttle, Appellant.

Nos. 72–1103, 72–1240.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Nov. 15, 1972.

Laurence J. Zastrow, and Wynn Gunderson, Rapid City, S. D., for appellants.

Richard D. Hurd, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before MATTHES, Chief Judge, and LAY and HEANEY, Circuit Judges.

LAY, Circuit Judge.

Defendants appeal their respective judgments of convictions on two counts for robbery and assault with a dangerous weapon under 18 U.S.C. §§ 1153 and 2111 and S.D.C.L. § 22–18–11. They raise several points of alleged error. The basic complaint raised is whether there exists substantial evidence sufficient to sustain the conviction of aiding and abetting the crimes involved. The defendants have also challenged the convictions on other grounds which we have considered and dismiss as not having substantial merit. These include: (a) the court's failure to instruct that mere presence at the scene of the crime is not sufficient grounds to convict the defendants of aiding and abetting,[1] (b) the court's failure to declare a mistrial when during the course of the trial one of the jurors informed the judge that she was acquainted with the victim of the assault,[2] (c) that the indictment was insufficient in that one of the counts failed to allege that one of the defendants was guilty of aiding and abetting,[3] (d) that the trial court erred in ruling as a matter of law that the defendants were Indians and that the crimes took place in Indian country,[4] (e) that the original exhibits were lost and that inaccurate substitutes were

---

1. The defendants failed to request any additional instructions. See Fed.R.Crim. P. 30. It is readily apparent that defendants did not request such an instruction since their defense was based in part on the claim that they were not present at the time the crimes were committed.

2. After a full record was made and the juror announced that notwithstanding her acquaintance she could be fair and objective in rendering her verdict, the trial court gave the defendant an opportunity to make a motion for mistrial, but none was made.

3. This is not a necessary allegation. A person may be convicted as an aider or abettor even though he is not charged in that capacity. United States v. Lugo-Baez, 412 F.2d 435 (8 Cir. 1969), cert. denied, 397 U.S. 966, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970).

4. Defendants did not attempt to refute the government's proof that the defendants were Indians. Their claim that the land was no longer used as part of the reservation does not defeat the fact that the area was still within the boundaries of the Indian Reservation. See Kills Plenty v. United States, 133 F.2d 292 (8 Cir. 1943), cert. denied, 319 U.S. 759, 63 S.Ct. 1172, 87 L.Ed. 1711.

used as replacements [5] and (f) that one of the defendant's admissions (LeRoy Wayne Thomas) was prejudicial to the other defendant and was erroneously admitted without corroborative evidence.[6]

Upon review of the record, we are satisfied that sufficient evidence exists from which the jury could find the defendants participated in the crimes charged. We affirm.

LeRoy and Leonard Thomas are Indians living on the Pine Ridge Indian Reservation. On August 5, 1969, they were with a group of their friends. They drank several beers together and at approximately 7:00 p. m. they started back to their homes from Scenic, South Dakota. They had an argument in the car and at some point in the vicinity of X-U Hill the two brothers and another unidentified Indian left the car and started walking back to town. It was still daylight. The three men came upon a pickup truck whose owner and another man were attempting to help a stranded motorist pull his disabled car from a ditch. The three men approached the owner of the pickup, Lewis Julius, and asked for a ride back to Scenic. Mr. Julius refused because he was attempting to help the owner of the disabled auto. Shortly thereafter the third Indian entered the cab of the pickup and pulled a gun on Mr. Julius demanding that he give them a ride. The Indian lad then hit Julius with the gun. The latter yelled for help and was pulled out of the cab by the other man who was there assisting him. The defendants immediately jumped into the truck which was then driven by the third unidentified Indian. After attempting to back over the owner who was lying on the ground, the truck was driven towards town and abandoned just outside of Scenic. Thereafter LeRoy Thomas, one of the defendants, informed an acquaintance that he "held up a pickup truck the night before—at gun point." Three days later Leonard Thomas went to the abandoned pickup and removed gas from it. He told a friend at the time that the pickup belonged to a man named Julius.

■■ In order for the defendants to be guilty of aiding and abetting a crime it is necessary that there be more than mere presence and acquiescence in the crime itself. United States v. Kelton, 446 F.2d 669 (8 Cir. 1971); Baker v. United States, 395 F.2d 368 (8 Cir. 1968). There must be "purposive attitude" which facilitates the unlawful deed. United States v. Peoni, 100 F.2d 401, 402 (2 Cir. 1938). This means there must exist some affirmative participation which at least encourages the perpetrator. In the present case, although neither defendant actually held the gun on the victim, the evidence is such that a reasonable inference can be made that they were both immediately nearby and fully condoned the actions of their companion and assailant. The jury could also logically infer that the physical presence of the defendants was intimidating to the victim and thereby encouraged or stimulated the unidentified Indian to proceed in the assault and robbery. Cf. United States v. Garguilo, 310 F.2d 249, 253 (2 Cir. 1962).

The defendants rely on Baker v. United States, 395 F.2d 368 (8 Cir. 1968) (J. Blackmun dissenting). We there held that merely riding in the truck with knowledge that it was stolen was not sufficient to show constructive possession sufficient to sustain an inference of aiding and abetting in the interstate transportation of an automobile. Here

---

5. We have reviewed each of these exhibits. We are satisfied no prejudice resulted in the use of substitutes. Use of this procedure was approved by this court by order issued June 20, 1972.

6. Evidence of the crime does exist. This is all the corroboration that is needed. See Wong Sun v. United States, 371 U.S. 471, 489 n. 15, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963). Leonard Thomas made no objection to this testimony in the trial court. Absent plain error this court cannot entertain questions on appeal not raised at trial. Alger v. Hayes, 452 F.2d 841, 845 (8 Cir. 1972); Petschl v. United States, 369 F.2d 764, 773 (8 Cir. 1966).

the facts show more than mere association in riding in a stolen car. The evidence shows that the defendants were present at the time the crime was committed; that the assault was carried out to achieve their culpable purpose and desire—a ride back to town. Here the defendants participated in the actual theft of the truck. Cf. Lambert v. United States, 261 F.2d 799 (5 Cir. 1958). The jury could consider that Leonard Thomas later exercised constructive control over the car by taking gas from it after they had abandoned it. LeRoy Thomas bragged about stealing it at gun point. The jury heard evidence that LeRoy had obtained a "Lueger" pistol the night before the theft. The gun used by the assailant was described as being similar. If a person accompanies another who with drawn gun robs a bank and thereafter both parties share in the loot it would be rather absurd to say that since the first person was only present and acquiesced in the robbery he did not aid and abet it. The jury had a right to consider all the facts and circumstances in determining guilt. Apropos is the observation of the Illinois Supreme Court in People v. Kolep, 29 Ill.2d 116, 193 N.E.2d 753, 755 (1963):

"In People v. Smith, 391 Ill. 172, 62 N.E.2d 669, we held that an innocent spectator is not criminally responsible because he happens to see another person commit a crime, but if the proof shows that a person is present at the commission of a crime without disapproving or opposing it, it is competent for the jury to consider this conduct in connection with other circumstances and thereby reach the conclusion that he assented to the commission of the crime, lent to it his countenance and approval and was thereby aiding and abetting the same. In the absence of explanation, such conduct is not consistent with that of an innocent person similarly situated, and is sufficient to support an inference that a common understanding or design existed. Mere presence or negative acquiescence is not enough to constitute a person a principal, but circumstances may show there is a common design to do an unlawful act to which all assent. (See, People v. Thicksten, 14 Ill.2d 132, 150 N.E.2d 813.) Although it is generally true that the proof tending to show one to be an accessory before the fact would be of events occurring before the inflicting of the fatal blow, evidence of subsequent acts is nonetheless competent to prove participation in a criminal assault. People v. Cione, 293 Ill. 321, 127 N.E. 646, 12 A.L.R. 267."

We find the evidence sufficient for the jury to infer that their presence facilitated the unlawful conduct and aided in carrying out the assault and robbery. Cf. United States v. Archer, 450 F.2d 1106 (8 Cir. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1329, 31 L.Ed.2d 586 (1972).

Judgments of conviction are affirmed.