**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Henry HOPKINS, Jr., Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Andrew JACKSON, Defendant-Appellant.**

**Nos. 73–1359, 73–1991.**

United States Court of Appeals, Ninth Circuit.

Oct. 1, 1973.

As Amended Dec. 5, 1973.

John Van De Camp, Federal Public Defender, Kenneth L. Collins, Deputy Federal Public Defender, Los Angeles, Cal., for defendants-appellants.

William D. Keller, U. S. Atty., Eric A. Nobles, Darrell W. Mac Intyre, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and HUFSTEDLER, Circuit Judges, and TAYLOR,\* District Judge.

PER CURIAM:

This is an appeal by appellant Henry Hopkins from his conviction by a jury of violating Title 18 U.S.C. 2113(a) (bank robbery) and by appellant Andrew Jackson from his conviction by the same jury of violating Title 18 U.S.C. § 2 (aiding and abetting the bank robbery). The cases are consolidated for purposes of this appeal.

The record reveals that Jackson drove to the Crocker National Bank in Los Angeles, California, accompanied by Hopkins. Hopkins went inside the bank while Jackson remained in the car. Inside the bank Hopkins handed the teller a note indicating that he was robbing the bank. The teller handed $798.00 to Hopkins who placed the money in a dirty white pillowcase and left the bank. The $798.00 included bait money consisting of marked or numbered bills which could be identified. Upon leaving the bank, Hopkins got into a 1960 white Chevrolet, California License No. NWP 560 being driven by Jackson.

Hopkins relies on three issues which he contends requires reversal of his conviction. First, he alleges that the trial court erred in admitting into evidence the substance of a volunteered statement made by him at the time of his arrest to his co-defendant Jackson.

In support of this contention, appellant presents two arguments. First, he claims that the introduction of the statement was hearsay. The substance of this statement was presented

---

\* District of Idaho, sitting by designation.

**362**

to the jury on two different occasions. Initially, Jackson testified in his own behalf and was asked on cross-examination by counsel for the government whether Hopkins, at the time of their arrest, stated: " 'We shouldn't have picked up that hitchhiker' ". Jackson answered in the affirmative. Next, one of the arresting officers was permitted to testify that Hopkins voluntarily stated: " 'We shouldn't have let that hitchhiker out of the car. Now we are stuck with the whole thing.' "

"We do not consider whether the introduction into evidence of the substance of Hopkins' statement, on the two occasions mentioned, constituted error, for we are of the opinion that if it did, the error was harmless. The statement was only distantly probative of Hopkins' guilt. Furthermore, the direct evidence against Hopkins, establishing his guilt beyond a reasonable doubt, was overwhelming. See United States v. Yarbrough, 422 F.2d 1328 (9th Cir. 1970).

■ Hopkins also argues that it was error to admit the statement made by him because he had not been given his *Miranda* rights. Although the record is silent in regard to whether Hopkins was given his *Miranda* rights at or prior to his utterance, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) does not preclude the admission of voluntary statements given without any compelling pressures. Accord: Klamert v. Cupp, 437 F.2d 1153 (9th Cir. 1970).

■ Hopkins also claims that the taking of his handwriting exemplars in the absence of counsel violates his Fourth and Fifth Amendment rights. It is well established that the taking of handwriting exemplars from a defendant does not violate his right against self-incrimination and is not an unreasonable search and seizure. See Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 247 (1973), and United States v. Roth, 466 F.2d 1111 (9th Cir. 1972).

■ The final contention raised by Hopkins is that his due process rights were violated because he was not granted a preliminary hearing. The record clearly indicates that Hopkins was indicted by a grand jury, thereby eliminating the requirement for a preliminary hearing. See Jaben v. United States, 381 U.S. 214, 220, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965), and Austin v. United States, 408 F.2d 808, 810 (9th Cir. 1969).

Appellant Jackson raises two issues on this appeal. First, he contends that the trial court erred in not directing a judgment of acquittal on the ground the evidence was insufficient against him.

■ There is no merit to this contention. There is an abundance of evidence in the record to show the involvement of Jackson in the bank robbery. Jackson was observed and identified by an eye witness while he, Jackson, was sitting behind the wheel of his 1960 white Chevrolet in front of the bank. The witness observed Hopkins come out of the bank and get in the back seat of Jackson's car and the car was hurriedly driven off by Jackson. Jackson took the stand on his own behalf and recited a different version of the facts than that of the eye witness. Since there was a discrepancy in the evidence, it was a question for the jury. Suffice it to say, the jury was not impressed with Jackson's version. It is not the function of this court to reweigh the evidence and pass on the credibility of the witnesses. See United States v. Cluchette, 465 F.2d 749, 754 (9th Cir. 1972).

■ Jackson's final contention is that the trial court erred in denying his motion for a mistrial on the ground that he was seen by the jurors handcuffed to a marshal. In United States v. Figueroa-Espinoza, 454 F.2d 590, 591 (9th Cir. 1972), this court stated:

"The fact that some of the jurors may have seen appellants in handcuffs was not so inherently prejudicial as to require a mistrial without more. [cita-

tions omitted] In this case the incident was not an aggravated one. Appellants did not request a corrective instruction."

The judgment is affirmed as to each appellant.