UNITED STATES of America,
Plaintiff,

v.

William Mirl JARBOE, Defendant.
Crim. A. No. 24109–3.

United States District Court,
W. D. Missouri, W. D.

April 11, 1974.

Patrick E. Eldridge, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Lane D. Bauer, John C. Monica, Kansas City, Mo., for defendant.

SUPPLEMENTAL MEMORANDUM,[1] FINDINGS OF FACT, AND CONCLUSIONS OF LAW EXPLAINING DENIAL OF DEFENDANT JARBOE'S "MOTION FOR JUDGMENT OF ACQUITTAL IN ACCORDANCE WITH MOTION FOR DIRECTED VERDICT AT THE CLOSE OF THE GOVERNMENT'S CASE AND AT THE CLOSE OF ALL THE EVIDENCE AND, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL."

WILLIAM H. BECKER, Chief Judge.

On December 19, 1973, a jury returned a verdict in the above-entitled criminal action finding the defendant William Mirl Jarboe guilty of the offense of willfully and unlawfully, by force and violence and by intimidation, taking from the person and presence of Betty Smith and other persons on or about October 20, 1972, approximately $8,410.00 in money belonging to and in the care, custody, control, management

1. On March 19, 1974, an order was entered denying defendant Jarboe's "Motion for Judgment of Acquittal in Accordance with Motion for Directed Verdict at the Close of the Government's Case and at the Close of All the Evidence and in the Alternative, Motion for a New Trial." The present memorandum containing the findings of facts and conclusions of law on which that order was based was not yet complete at the time of defendant's sentencing.

and possession of the Chrisman-Sawyer Drive-In Bank of Independence, Missouri, the deposits of which were then insured by the Federal Deposit Insurance Corporation, all in violation of Sections 2 and 2113(a), Title 18, United States Code, and as charged in Count I of the indictment. The defendant was essentially found guilty of willfully aiding and abetting co-defendant James Allen Klein, by knowingly assisting Klein as driver of the automobile in which Klein escaped after the robbery of the Chrisman-Sawyer Drive-In Bank. Defendant Jarboe was found guilty under the provisions of Sections 2 and 2113(a), Title 18, United States Code, Section 2 of which provides, in part, that "[w]hoever commits an offense against the United States or aids, abets, councils, commands, induces or procures its commission, *is punishable as a principal.*" (Emphasis added.)

Following the filing of a motion for an extension of time within which to file a motion for a new trial and the grant thereof by order of January 4, 1974, defendant Jarboe filed herein on January 4, 1974, his timely "Motion for Judgment of Acquittal in Accordance with Motion for Directed Verdict at the Close of the Government's Case and at the Close of All the Evidence and, in the Alternative, Motion for a New Trial," including therewith suggestions in support thereof.

On January 11, 1974, counsel for the Government filed herein suggestions in opposition to defendant's post-trial motions, therein most briefly stating as follows: "The government in answering defendant's motions could detail each and every factual situation admitted into evidence at the trial, most of which from the defendant himself however, the government feels this to be unnecessary." In his suggestions in opposition, counsel for the Government further states, in similar brief fashion, that ". . . the evidence overwhelmingly supports the giving of the requested instructions and the giving of the Court's own instructions and primarily based upon the defendant's own admissions from the witness stand during the course of the trial herein."

In his "Motion for Judgment of Acquittal in Accordance with Motion for Directed Verdict at the Close of the Government's Case and at the Close of All the Evidence and, in the Alternative, Motion for a New Trial," hereinafter referred to simply as defendant Jarboe's motion for a new trial, defendant sets forth ten basic contentions:

"1. The Court erred in denying defendant's Motion for Acquittal made at the conclusion of the government's evidence, and at the conclusion of all the evidence, because the government did not prove beyond a reasonable doubt that defendant William Mirl Jarboe was a willing and knowing participant in the bank robbery and did not prove beyond a reasonable doubt that William Mirl Jarboe willingly and knowingly aided and abetted James Allen Klein in the bank robbery charged in the indictment.

"2. The verdict of Guilty in this case is contrary to the weight of the evidence.

"3. The verdict in this case is not supported by substantial evidence.

"4. The Court erred in admitting into evidence the written statement of defendant Jarboe, Exhibits No. 3(a), (b), (c) and (d) of November 6, 1972, and the alleged oral statements of Jarboe given the F.B.I. at or about the same time, and further erred in admitting into evidence the written statement of defendant Jarboe of December 11, 1972, Exhibit 7(a) and (b) and the alleged oral statements made to the F.B.I. at or about the same time because said statements were not free and voluntary as defendant Jarboe, although requesting an attorney for advice, was not provided counsel at the time he signed the written statement on December 11, 1972, and for all of the reasons heretofore advanced in defendant Jarboe's Motion to Suppress said written and oral

statements, which motion and suggestions are incorporated herein by reference as though fully set forth therein.

"5. The final argument of the Assistant District Attorney for the government was unduly slanted, vitriolic and prejudicial to the rights of defendant Jarboe.

"6. The final argument of the Assistant District Attorney for the government erroneously and improperly advised the jury that said Assistant District Attorney had made a list of 70 alleged lies of defendant Jarboe contained in his written statements and in the evidence, to which defendant's counsel properly objected, said objection being overruled by the Court, as said argument was outside the bounds of permissible argument, allowed the Assistant District Attorney in effect to justify, without being sworn as a witness, and was prejudicial in directing the jury's attention away from the question of whether or not defendant Jarboe was guilty of bank robbery as charged in the indictment, all to defendant's prejudice.

"7. The Court erred in charging the jury by giving over defendant's objections and exceptions Instruction No. 17, as modified by the Court, because said instruction is contrary to the law as applicable to the facts of this case. . . .

"8. The Court erred in charging the jury by giving Instruction No. C-2 on the Court's own motion because said instruction is contrary to the law which requires a community of unlawful intent between the principal and aider and abettor at or before the crime is committed, and it is also prejudicially erroneous. . . .

"9. The Court erred in giving Instruction No. C-3 on its own motion, after receiving a note from the jury, over the objection and exception of the defendant. . . .

"10. The Court erred in charging the jury by giving Instruction No. C-4 on the motion of the Court, after a note had been written by the jury requesting clarification, in that said instruction is an erroneous statement of law and is prejudicial and erroneous. . . ."

Defendant's basic contention is essentially that the evidence is insufficient to support the verdict. In support thereof, defendant states that " . . . the crime of bank robbery charged in the indictment against Jarboe *requires proof of specific intent to participate in the bank robbery.*" (Emphasis in original.) Defendant further states that "Jarboe had no intent to rob the bank in question or to aid or abet in the robbery before it occurred"; that any "intent which Jarboe might have formed had to arise *after* the robbery was complete when Klein returned to the car"; and since "Jarboe's intent arose for the first time after the robbery had been committed, he cannot be convicted of aiding and abetting the robbery." (Emphasis in original.) In support thereof, defendant cites United States v. Kelton, 446 F.2d 669 (8th Cir.1971) and Snyder v. United States, 448 F.2d 716 (8th Cir. 1971).

What is necessary to sustain a conviction of aiding and abetting under Section 2, Title 18, United States Code, has not been the subject of concurrent opinions in this circuit. The United States Court of Appeals for the Eighth Circuit has stated numerous and varied definitions of the element or elements necessary to find one guilty of aiding and abetting. In Mays v. United States, 261 F.2d 662, 664 (8th Cir. 1958), the Court held that association and an effort "to bring about" the commission of the crime was necessary. In Johnson v. United States, 195 F.2d 673, 675 (8th Cir.1952), the Court concluded that there must be a "community of unlawful purpose" or "some conduct of an affirmative nature." In Mack v. United States, 326 F.2d 481, 486 (8th Cir. 1964), cert. denied, 377 U.S. 947, 84 S.Ct. 1355, 12 L.Ed.2d 309 (1964), the Court found that an "essential contribution to the commission of the crime" was adequate. In United States v. Archer, 450 F.2d

1106, 1108 (8th Cir. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1329, 31 L.Ed.2d 586 (1972), the Court held that "prolonged presence when accompanied with a culpable purpose" would suffice to support a conviction. In United States v. Kelton, 446 F.2d 669, 671 (8th Cir. 1971), the Court concluded that "specific intent" or "some affirmative conduct in furtherance of the crime" was necessary. In Snyder v. United States, 448 F.2d 716, 718 (8th Cir. 1971), the Court found that "the most important element is the sharing of the criminal intent of the principal. . . ." In United States v. Hill, 464 F.2d 1287, 1289 (8th Cir. 1972), the Court held that there must exist a "culpable purpose" or "some conduct of an affirmative nature." In United States v. Thomas, 469 F.2d 145, 147 (8th Cir. 1972), the Court stated that ". . . there must exist some affirmative participation which at least encourages the perpetrator." In United States v. Atkins, 473 F.2d 308, 313 (8th Cir. 1973), the Court concluded that a defendant must be shown "to have a purposeful attitude which helped facilitate" the commission of the crime. And in United States v. Irons, 475 F.2d 40, 42 (8th Cir. 1973), the Court held that "some evidence of participation" must be found in order to sustain a conviction of aiding and abetting.

The Supreme Court of the United States has held that mere presence at the scene of a crime is not evidence of guilt as an aider or abettor. United States v. Williams 341 U.S. 58, 64, 71 S. Ct. 595, 95 L.Ed. 747, 752 fn. 4 (1951); Hicks v. United States, 150 U.S. 442, 447, 450, 14 S.Ct. 144, 37 L.Ed. 1137, 1139, 1141 (1893). With respect to the element or elements of the crime of aiding and abetting, the Supreme Court of the United States in Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S. Ct. 766, 769, 93 L.Ed. 919, 925 (1949) has concluded as follows:

"In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he partici-

pate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.' L. Hand, J., in United States v. Peoni, 100 F.2d 401, 402 (2 Cir.)."

Defendant seeks to persuade this Court that the *Kelton* and *Snyder* cases support his contention that there was insufficient evidence to convict defendant Jarboe "[s]ince Jarboe's intent arose for the first time after the robbery had been committed. . . ." Defendant apparently contends that any criminal intent which Jarboe may have possessed with respect to the bank robbery in question, arose at or about the time that he became knowledgeable that co-defendant Klein had actually unlawfully secured bank funds. Further, according to his argument, Jarboe did not become aware of the unlawful robbery of the bank until Klein returned to the "getaway" car in which Jarboe was waiting. At that time, defendant apparently contends, the commission of the crime of bank robbery had been completed and any participation or affirmative acts on the part of defendant Jarboe after Klein's return to the car cannot be considered conduct constituting the aiding or abetting of the commission of the crime of bank robbery. Defendant's contentions are erroneous and are unsupported by the record and applicable legal authorities.

Defendant may be misled by the possible confusion between the crime of being an accessory after the fact and the crime of aiding and abetting. The former involves a determination of whether one, who knowing that an offense has been committed, hinders or prevents the *apprehension* of the offender. Such a determination is inapplicable in the case at bar but is appropriately the subject of Section 3, Title 18, United States Code. *See, e. g.,* United States v. Van Scoy, 482 F.2d 347 (10th Cir. 1973); United States v. Eaton, 485 F.2d 102 (10th Cir. 1973); Orlando v. United States, 377 F.2d 667 (9th Cir. 1967).

One who participates in the commission of the crime of bank rob-

bery by serving as the driver of the escape or "getaway" car is to be held accountable as an aider or abettor. *See, e. g.*, United States v. Hopkins, 486 F.2d 360 (9th Cir. 1973); United States v. Simmons, 281 F.2d 354 (2nd Cir. 1959). Similarly, one who is the driver and "lookout" or simply a "lookout" aids and abets the commission of a crime. *See, e. g.*, United States v. May, 419 F.2d 553 (8th Cir. 1969); United States v. Irons, 475 F.2d 40 (8th Cir. 1973). One who takes another to the scene of the crime and assists the active culprit to get away cannot claim innocence. 22 C.J.S. Criminal Law § 88(2), p. 263 (1961). *See also*, 1 Anderson, Wharton's Criminal Law and Procedure, § 109, 232 (1957). The case of United States v. Hopkins, 486 F.2d 360 (9th Cir.1973) presents a most similar factual situation as in the case at bar. In that case, Andrew Jackson was charged and convicted of aiding and abetting a bank robbery. The defendant contended, as in the case at bar, that the trial court erred in not directing a judgment of acquittal on the ground the evidence was insufficient against him. Upon considering this contention, the Court of Appeals found as follows:

> "There is no merit to this contention. There is an abundance of evidence in the record to show the involvement of Jackson in the bank robbery. Jackson was observed and identified by an eye witness while he, Jackson, was sitting behind the wheel of his 1960 white Chevrolet in front of the bank. The witness observed Hopkins come out of the bank and get in the back seat of Jackson's car and the car was hurriedly driven off by Jackson. Jackson took the stand on his own behalf and recited a different version of the facts than that of the eye witness. Since there was a discrepancy in the evidence, it was a question for the jury. Suffice it to say, the jury was not impressed with Jackson's version. It is not the function of this court to reweigh the evidence and pass on the credibility of the witnesses. See United States v. Cluchette, 465 F.2d 749, 754 (9th Cir. 1972)." United States v. Hopkins, *supra* at 362.

In another similar factual situation, the Court of Appeals in United States v. Simmons, 281 F.2d 354, 360 (2nd Cir. 1959), found as follows:

> "Defendant was the driver of the escape car the robbers used. He contends that as he did not enter the bank with his fellows he should not have been convicted of having participated in the robbery. This claim is, of course, entirely without substance. See 18 U.S.C. § 2."

Without detailing all the evidence presented against defendant Jarboe, the following portions are noteworthy. The defendant testified that he was aware of Klein's participation in other bank robberies in Texas and in California. The defendant testified that he drove Klein to the Chrisman-Sawyer Drive-In Bank at Independence, Missouri, and that he was aware that Klein was going to "case" the bank. Jarboe stopped the car, left the engine running, and Klein got out and proceeded to the bank. Klein returned to the waiting getaway car, which had its engine still running, and the car was hurriedly driven off by Jarboe. Jarboe assisted Klein in secreting himself and secreted himself in a successful escape from Missouri with the stolen money.

The Government is entitled to the benefit of all reasonable inferences drawn from the evidence. United States v. Kelton, 446 F.2d 669, 671 (8th Cir. 1971). If it is found that the Government's evidence is equally strong to infer innocence of the crime charged as it is to infer guilt, the verdict must be one of not guilty and the court has a duty to direct an acquittal. Lerma v. United States, 387 F.2d 187, 188 (8th Cir. 1968); United States v. Jones, 418 F.2d 818 (8th Cir. 1969); Sykes v. United States, 312 F.2d 232, 235 (8th Cir. 1963), cert. denied, 373 U.S. 942, 83 S.Ct. 1551, 10 L.Ed.2d 698 (1963).

■ The elements of knowledge and intent, because of their nature, can and must largely be proven by circumstantial evidence. United States v. Jones, 486 F.2d 476, 479 (8th Cir. 1973); Jackson v. United States, 330 F.2d 679, 681 (8th Cir. 1964), cert. denied, 379 U.S. 855, 85 S.Ct. 105, 13 L.Ed.2d 58 (1964). *See also*, United States v. Lawson, 483 F.2d 535, 536–538 (8th Cir. 1973).

■ Having reviewed the entire record, notably the testimony of defendant Jarboe himself, and taking the facts in the light most favorable to the verdict of the trier of fact, accepting as established all reasonable inferences that tend to support the fact trier's decision, and resolving any evidentiary conflicts in favor of the fact finder's verdict, United States v. Dugan, 477 F.2d 140, 142 (8th Cir. 1973); United States v. Henson, 456 F.2d 1045 (8th Cir. 1972), it is concluded that the evidence was sufficient, if believed, to support a finding that defendant Jarboe knowingly associated himself with the bank robbery venture, that he participated in it so as to bring it about, and by his action he sought to make it succeed. *Cf.* Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S. Ct. 766, 93 L.Ed. 919, 925 (1949); United States v. Thomas, 469 F.2d 145, 148 (8th Cir. 1972); United States v. Hopkins, 486 F.2d 360, 362 (9th Cir. 1973); United States v. Simmons, 281 F.2d 354, 360 (2nd Cir. 1959). In particular, there was sufficient evidence to find beyond a reasonable doubt that: (1) defendant Jarboe possessed the requisite culpable purpose or shared in Klein's criminal intent to rob the Chrisman-Sawyer Drive-In Bank on October 20, 1972, at the outset when Klein proceeded to enter the bank and remove bank funds and that Jarboe knowingly contributed or affirmatively performed conduct in furtherance of the crime; or (2) that Jarboe possessed the requisite culpable purpose or shared in Klein's criminal intent to rob the Chrisman-Sawyer

Drive-In Bank on October 20, 1972, at or about, or at some time reasonably subsequent to Klein's departure from the bank building and entering of the getaway car, and that Jarboe knowingly contributed or affirmatively performed conduct in furtherance of the crime by willfully aiding and abetting Klein in finalizing the commission of the crime by escaping.[2] *Cf.* United States v. Hopkins, 486 F.2d 360, 362 (9th Cir. 1973); United States v. Simmons, 281 F.2d 354, 360 (2nd Cir. 1959).

■ The above conclusions and findings render defendant's contentions, that jury Instructions Nos. 17 and C–2 were erroneous, meritless. There was sufficient evidence in this case for the trial court to give the aiding and abetting instructions and those instructions were neither improper nor erroneous. *Cf.* United States v. Matousek, 483 F.2d 286, 288 (8th Cir. 1973).

Defendant's contentions that the Court erred in giving Instructions Nos. C–3 and C–4 are equally without merit. The record reveals that on December 18, 1973, during the jury's deliberation, the foreman of the jury directed that a handwritten note be delivered to the undersigned Judge. The note requested that a copy of the instructions be provided or, alternatively, that the Court provide ". . . clarification of the part pretaining (sic) to an individual participating in an act after the fact of a crime, and continue to be related to an individual and not attempt to disclose information willingfully (sic) to proper authorities." After conferring with counsel, the undersigned Judge recalled the jury and Instruction C–3, which in turn provided that Instructions Nos. 8, 17, and C–2 be reread, and Instruction C–4 were given. This situation appears most adequately governed by the recent Eighth Circuit case of United States v. Gordon, 455 F.2d 398 (8th Cir. 1972).

---

2. The claim of coercion and duress, implicit in the defendant's testimony, was submitted to the jury on the initiative of the Court by an approved instruction.

The *Gordon* case, as in the case at bar, involved a defendant charged with aiding and abetting the robbery of a bank. During its deliberation, the jury apparently submitted a question to the trial judge requesting an additional or clarifying instruction. With respect to the propriety of the trial judge's response and the giving of the additional instruction, the Court of Appeals concluded that, " . . . assuming the additional instruction was received and considered by the jury, we find no error."

█ It is established that a request for additional instructions or a request that certain instructions be reread, are matters addressed to the sound discretion of the trial judge. United States v. Gordon, 455 F.2d 398, 402 (8th Cir. 1972); Gregory v. United States, 365 F.2d 203, 206 (8th Cir. 1966), cert. denied, 385 U.S. 1029, 87 S.Ct. 759, 17 L. Ed.2d 676 (1967); Whitlock v. United States, 429 F.2d 942, 946 (10th Cir. 1970).

█ Upon a review of the record and having considered defendant's contentions, it is concluded that there was no abuse of discretion and the giving of additional instructions and rereading previous instructions did not prejudice the defendant or otherwise result in any unfairness or trial error which would warrant the granting of a new trial or the entering of a judgment of acquittal.

Defendant's contention, that the final argument of counsel for the Government was so prejudicial to the rights of defendant Jarboe that defendant was deprived of a fair trial, is without merit. A review of counsel for the Government's statements does not warrant a conclusion that the final argument or any particular comment made therein, was so prejudicial so as to deprive the defendant of a fair trial. All objections were fairly considered and ruled under circumstances disclosing no prejudicial error. *See*, United States v. Archer, 450 F.2d 1106, 1108 (8th Cir. 1971), cert. denied, 405 U.S. 1044, 92 S.Ct. 1329, 31 L.Ed.2d 586 (1972); United States v. Lewis, 423 F.2d 457 (8th Cir. 1970); Miller v. United States, 410 F.2d 1290 (8th Cir. 1969), cert. denied, 396 U.S. 830, 90 S.Ct. 81, 24 L.Ed.2d 80 (1969); United States v. Martinez, 487 F.2d 973, 977 (10th Cir. 1973).

Defendant's final contention, that certain evidence was erroneously admitted, is also without merit. Defendant was granted an evidentiary hearing on May 11, 1973, with respect to his motion to suppress from evidence written and oral statements made by him on November 6, 1972, and December 11, 1972. On May 14, 1973, an order was entered denying defendant Jarboe's motion to suppress evidence.

The evidentiary errors alleged herein in defendant's motion for a new trial were substantially presented in defendant's motion to suppress, which was denied in a thorough and detailed order on May 14, 1973. Defendant has not presented to this Court any additional factual or legal contention which would warrant sustaining the alleged evidentiary errors in question. For the reasons set forth in this Court's order of May 14, 1973, defendant's evidentiary contentions are found to be without merit, or otherwise not sufficient to warrant the granting of defendant's motion for a new trial.

For the foregoing reasons, it was therefore

Ordered on the 19th day of March, 1974, that defendant, William Mirl Jarboe's "Motion for Judgment of Acquittal in Accordance with Motion for Directed Verdict at the Close of the Government's Case and at the Close of All the Evidence and, in the Alternative, Motion for a New Trial," be denied.