# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3449

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Anthony Raoul King, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 13, 2000

Filed: September 11, 2000

_____

Before WOLLMAN, Chief Judge, McMILLIAN, Circuit Judge, and PANNER,[1] District Judge.

_____

PER CURIAM.

Anthony Raoul King appeals from his convictions for possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B), and for carrying an explosive while committing a felony in violation of 18 U.S.C. §§ 922(k), 844(h)(2). We affirm.

_____

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

**I.**

On August 18, 1997, King was involved in a hit-and-run traffic accident with another vehicle on Interstate 70 in Cooper County, Missouri. Soon after, law enforcement officers sighted King at a nearby gas station and placed him under arrest for leaving the scene of a motor vehicle accident. A pat-down search of King's person revealed a small knife and a loaded .380 caliber semi-automatic pistol. A subsequent inventory search of the trunk of King's vehicle revealed a loaded .380 caliber semi-automatic handgun, the serial number of which had been ground down. Also found in the trunk was an end-capped piece of PVC pipe, seventeen plastic pipes with small metal electrodes protruding through the ends, and several cans of what the officers suspected to be gunpowder. Inspection revealed that the ends as well as the other surfaces of the pipes had been sanded, effectively removing all identifying markings. Laboratory reports concluded that all eighteen devices were "improvised explosive devices," and that the other materials carried in King's car, including explosive powder, a clock modified to act as a timer, wire, and packages of nails and screws, were components for constructing pipe bombs.

A jury found King guilty of possession of a firearm with an obliterated serial number and of carrying explosives while committing a felony. The jury acquitted King on eighteen other counts related to the contents of his vehicle. The district court[2] sentenced King to 130 months' imprisonment.

On appeal, King raises five issues, two through counsel and three pro se.

---

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

**II.**

King first argues that there is insufficient evidence to support his convictions.

The standard for determining whether there exists sufficient evidence to sustain a conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). We give the government the benefit of all reasonable inferences, <u>see</u> <u>United States v. Diaz-Diaz</u>, 135 F.3d 572, 577 (8th Cir. 1998), and will reverse "'only if a reasonable jury must have had a reasonable doubt' that the elements of the crime were established." <u>United States v. Carlisle</u>, 118 F.3d 1271, 1273 (8th Cir. 1997) (quoting <u>United States v. Bordeaux</u>, 84 F.3d 1544, 1548 (8th Cir. 1996)).

The district court instructed the jury that to convict King of violating 18 U.S.C. § 922(k), the government was required to prove several elements, one of which was that King knowingly possessed a firearm and was aware that the serial number on that firearm had been removed or obliterated. King urges us to find that no reasonable jury could have concluded that King was aware that the serial number had been removed from his firearm.

King relies primarily on <u>United States v. Haynes</u>, 16 F.3d 29 (2d Cir. 1994), in support of his insufficiency claim. This reliance is misplaced, for in <u>Haynes</u> the conviction was overturned because the district court had incorrectly instructed the jury that the government did not need to prove that the defendant knew the serial number had been removed from the weapon.

In support of his contention that he was unaware the serial number had been removed from his firearm, King cites his own testimony and the testimony of Missouri State Highway Patrol investigator Tom Breen, who testified that King's post-arrest

statement regarding his ignorance of the alterations made to the firearm appeared to be "spontaneous."

This argument, however, fundamentally misapprehends the scope of our inquiry. It is not our task to reexamine the credibility of trial witnesses or to revisit the jury's verdict. Cf. United States v. E.R.B., 86 F.3d 129, 130 (8th Cir. 1996) (the court should not "substitute [its own] inclinations" regarding the credibility of witnesses); see also United States v. Wilkerson, 691 F.2d 425, 427 (8th Cir. 1982), citing Hamling v. United States, 418 U.S. 87, 124 (1974). The jury weighed the evidence and reached a conclusion, as was its duty. See United States v. Nelson, 984 F.2d 894, 898-99 (8th Cir. 1993). Our role is limited to examining whether these conclusions may be sustained on the evidence. See Glasser v. United States, 315 U.S. 60, 80 (1941).

We are satisfied that the evidence, when viewed in the light most favorable to the prosecution, is sufficient to sustain King's conviction for knowingly receiving and possessing a firearm with an obliterated serial number. Evidence indicated that King purchased the firearm with the serial number intact. Although King testified that the weapon had been stolen, the jury was entitled to discredit this testimony. See United States v. Ireland, 62 F.3d 227, 230 (8th Cir. 1995). Likewise, the jury was not required to believe King's testimony that he was unaware the serial number had been removed.

We also reject King's claim that there is insufficient evidence to support his conviction for carrying explosives while committing a felony, for once the jury found that he possessed an illegal firearm, his conviction for carrying explosives followed as of course.

King's second argument, closely related to the first, is that the district court improperly denied his Rule 29 motions for judgment of acquittal. Relying on United States v. Kelton, 446 F. 2d 669 (8th Cir. 1971), in which we reversed a conviction because there was "a total lack of evidence" to support a defendant's guilt, id. at 671,

King once again argues that there was no evidence that he knew the serial number had been removed from his weapon. For the reasons given in rejecting King's earlier-stated challenge to the sufficiency of the evidence, we conclude that the district court did not err in denying the motions.

King's third argument, raised pro se, is that he received ineffective assistance of counsel at trial. Because claims of ineffective assistance require a fully developed record on the issue, we generally decline to address them on direct appeal. See United States v. Hawkins, 78 F.3d 348, 351-52 (8th Cir. 1996). We will consider such a claim on direct appeal only in those exceptional cases in which the district court has developed a record on the ineffectiveness issue or where the result would otherwise be a plain miscarriage of justice. See United States v. Reddix, 106 F.3d 236, 238 (8th Cir.1997). King has not demonstrated that this case meets either of these exceptions, and thus we decline to address his claim in this proceeding.

We have considered King's remaining pro se arguments and conclude that they are without merit.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.