# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3871
_____

United States of America

*Plaintiff - Appellee*

v.

Tamie Marie Samuels

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 22, 2017
Filed: November 6, 2017
_____

Before LOKEN, ARNOLD, and SHEPHERD, Circuit Judges.
_____

LOKEN, Circuit Judge.

In March 2015, Tamie Marie Samuels ("Samuels") filed an alien relative visa petition (Form I-130) for the benefit of her new husband, Randell Samuels ("Randell"). The petition asked, "Have you ever before filed a petition for this or any other alien?" Samuels falsely checked "no." A jury convicted Samuels of knowingly making a false statement with respect to a material fact in an immigration matter in

violation of 18 U.S.C. § 1546(a). The district court[1] sentenced her to three months in prison and three years of supervised release. Samuels appeals, arguing the district court erred in denying her motion for judgment of acquittal because there was insufficient evidence the false statement (i) was made knowingly, and (ii) was made with respect to a material fact. We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the verdict and accepting all reasonable inferences that support the jury's verdict. United States v. Causevic, 636 F.3d 998, 1005 (8th Cir. 2011). We affirm.

## I. The Trial Evidence.

At trial, documentary evidence established that Randell is Samuels's fourth husband. Samuels married Randell, a citizen of Jamaica, on February 3, 2015, two days after he entered the United States on a nonimmigrant visa. On March 12, 2015, Samuels filed the Form I-130 visa petition, and Randell filed a Form I-485 application for adjustment of status. In 1997, Samuels had filed a Form I-130 visa petition for her second husband, Temistocles Lobaton, which was approved in December 1997. Samuels falsely stated on the 2015 Form I-130 for Randell that she had never before filed a petition for any other alien. Samuels and Lobaton divorced in March 1999; Lobaton did not receive a visa. Samuels's third husband, Demone Square, was a United States citizen; they divorced in April 2010.

United States Citizenship and Immigration Services (USCIS) Officer Justin Kaleas testified that he interviewed Samuels and Randell in June 2015 as part of the Form I-130 decision process. At the interview, Samuels confirmed that she had never filed a Form I-130 petition for any other relative. Two days after the interview, Kaleas approved Samuels's Form I-130 petition, unaware of the Form I-130 Samuels

---

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

filed in 1997 on behalf of Lobaton. Kaleas testified that checking "yes" in response to the question, "Have you ever before filed a petition . . .?" is considered a "fraud indicator" that triggers inquiry into prior Form I-130 filings. USCIS examines the details of any prior petition, the status of that petition, and if the petition was found to be based on fraud. USCIS considers whether there is a pattern of fraudulently filing for and obtaining immigration benefits.

Homeland Security Investigations Special Agent Chris Cantrell testified that, in February or March 2015, he began investigating the fraudulent use of a passport belonging to Demone Square, Samuels's third husband. A non-U.S. citizen, Danny Darroux, had attempted to use this passport to enter the United States from St. Kitts. Cantrell testified that on March 4 -- one week before Samuels filed the Form I-130 here at issue -- he interviewed Samuels's parents and Randell regarding the passport. During the interview, Randell acknowledged that he would need to obtain an immigrant visa to remain in the United States.

Cantrell testified that he reviewed the Form I-130s filed by Samuels in 1997 and 2015 and interviewed Samuels on September 11, 2015, as a part of his passport investigation. During the interview, Samuels stated that she had filed a Form I-130 in 1997 on behalf of second husband Lobaton, but believed she had cancelled the petition. Supervisory Officer Richard Moore testified that he accompanied Cantrell to this interview and confirmed that Samuels admitted filing the 1997 Form I-130. The government also submitted evidence that no one had cancelled or attempted to cancel the 1997 Form I-130.

Neither Samuels nor any other witness testified for the defense. After the jury returned a verdict finding Samuels guilty of the offense, she filed a written Motion for Judgment of Acquittal and Conditional Motion for New Trial. The district court denied that Motion in a thorough nine-page Order.

## II. The Knowingly False Statement Issue.

Samuels first argues that there was insufficient evidence to support a finding that she made the false statement knowingly. The district court instructed the jury, without objection, that "[a]n act is done 'knowingly' if the defendant is aware of the act and did not act through ignorance, mistake or accident." See generally United States v. Dockter, 58 F.3d 1284, 1288 (8th Cir. 1995). Samuels argues the evidence was insufficient because she filed the prior Form I-130 eighteen years before the Form I-130 at issue without the assistance of counsel, Lobaton was not issued a visa, and the couple subsequently divorced, so "it is fair to assume that defendant had a good faith belief that the visa petition had been canceled."

Viewing the evidence in the light most favorable to the verdict, we agree with the district court there was sufficient evidence for a reasonable jury to find beyond a reasonable doubt that Samuels knowingly made the false statement that she had never before filed a Form I-130 for any alien. Two witnesses testified that Samuels admitted during the September 2015 interview that she had previously filed an I-130 on behalf of Lobaton. As the district court observed, based on this admission, "which occurred shortly after her submission of the 2015 Form I-130, the jury could reasonably conclude that she remembered her previous filing of the 1997 Form I-130 at the time she stated that she had never filed a prior petition." Though the agents recalled Samuels saying that she believed the 1997 Form I-130 petition had been "cancelled," there was no evidence the petition was cancelled, leaving a reasonable jury free to conclude that what she told the agents did not refute the government's evidence that Samuels knew the statement that she had never filed a prior I-130 was false and did not act through ignorance, mistake, or accident.

### III. The Materiality Issue.

Samuels argues there was insufficient evidence to support the jury's finding that her false statement was made with respect to a material fact. The district court instructed the jury, without objection, that the government must prove beyond a reasonable doubt that the statement "was material to the activities or decisions of the [USCIS]; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities." This instruction incorporated a well-established standard when materiality is an element of a federal statute criminalizing false statements to public officials. See, e.g., Kungys v. United States, 485 U.S. 759, 770-71 (1988) ("has a natural tendency to influence, or was capable of influencing"); Causevic, 636 F.3d at 1005.

On appeal, Samuels argues the evidence was insufficient because the government's only evidence of materiality was Officer Kaleas's *inaccurate* testimony regarding the impact of a prior marriage on the Form I-130 approval process. Kaleas testified that, had Samuels truthfully disclosed the previous Form I-130 petition filed on behalf of Lobaton, USCIS would have investigated and, if the prior marriage was entered into solely to obtain an immigration benefit, then Samuels "would be barred from filing further petitions for immediate relatives in the future," resulting in denial of her 2015 petition. In fact, Samuels argues, the applicable statute, 8 U.S.C. § 1154(c), does not bar future Form I-130 petitions by a U.S. citizen petitioner, even if a prior petition was based upon a fraudulent marriage that benefitted the alien beneficiary. Moreover, if Samuels's 1997 Form I-130 petition had been disclosed and investigated, § 1154(c) would not have applied because that petition was approved. Therefore, Samuels concludes, her failure to disclose the 1997 petition, even if knowing, "was not material to the current visa application."

We reject this contention. *First*, Samuels's argument ignores a fundamental issue, whether materiality is an issue of fact or law. We have not addressed this issue

recently, and our prior decisions leave it in considerable doubt. Compare United States v. Adler, 623 F.2d 1287, 1292 (8th Cir. 1980) (district court did not err in deciding materiality as an issue of law), with United States v. Voorhees, 593 F.2d 346, 349 (8th Cir. 1979) (affirming district court's jury instruction on materiality); see generally United States v. Abadi, 706 F.2d 178, 180 (6th Cir. 1983) (holding materiality is a question of law, collecting cases). Importantly the Supreme Court discussed the issue at length in an immigration fraud decision:

> [T]he test of whether Kungys' concealments or misrepresentations were material is whether they had a natural tendency to influence the decisions of [USCIS's predecessor agency]. To determine the effect of this holding upon our disposition of the present case, we must first consider whether materiality under [8 U.S.C.] § 1451(a) is an issue of law, which we may decide for ourselves, or one of fact, which must be decided by the trial court. Here again we see no reason not to follow what has been done with the materiality requirement under other statutes dealing with misrepresentations to public officials. "[T]he materiality of what is falsely sworn, when an element in the crime of perjury, is one for the court."

Kungys, 485 U.S. at 772, quoting Sinclair v. United States, 279 U.S. 263, 298 (1929) (emphasis added).

*Second*, Samuels's materiality argument seems to treat the issue as a question of law. Her attack on the government's evidence is based on Officer Kaleas's alleged misunderstanding of the relevant immigration statutes. Kaleas was thoroughly cross-examined at trial, but not about his testimony that denial of a prior Form I-130 petition because the marriage was fraudulent would *automatically* result in denial of the pending petition. Thus, if materiality is a question of fact for the jury, the jury was entitled to accept at face value Kaleas's testimony as to why concealing the filing of a prior Form I-130 petition was "capable of influencing" this USCIS decision. On the other hand, if materiality is an issue of law, Samuels did not challenge the

sufficiency of the evidence of materiality in her post-verdict motion for judgment of acquittal. Therefore, the district court had no opportunity to explain why the issue was properly submitted to the jury and, if materiality is an issue of law, why the court agreed with the jury's advisory resolution of that issue. "When a defendant raises specific grounds in a Rule 29 motion, grounds that are not specifically raised are waived on appeal." United States v. Chong Lam, 677 F.3d 190, 200 (4th Cir. 2012) (collecting cases). At most, we review such forfeited issues for plain error. See United States v. Calhoun, 721 F.3d 596, 600 (8th Cir. 2013).

*Third*, Samuels's materiality argument assumes that, to be material, the facts addressed in the false statement had to be capable of influencing the agency's decision on her Form I-130 petition. That was an important issue in Kungys, because a prosecution under 8 U.S.C. 1451(a) requires proof that a naturalization order was "*procured*" by concealment of a material fact. 485 U.S. at 776-77. But 8 U.S.C. § 1546(a), like more general federal fraud statutes, is not so limited, and here the district court instructed the jury that materiality means that a false statement had "a natural tendency to influence, or was capable of influencing, the agency's decisions *or activities*." A false statement is material if it tends "to impede the inquiry" of an agency. United States v. Hirani, 824 F.3d 741, 749-50 (8th Cir. 2016). Here, the instruction permitted the jury to infer that Samuels concealed her prior Form I-130 petition in an attempt to impede Officer Cantrell's inquiry into passport fraud, *or* the Form I-130 approval process conducted by Officer Kaleas.

*Fourth*, even if Officer Kaleas misdescribed the possible results of an inquiry into a Form I-130 petitioner's prior filings, his testimony that USCIS will investigate prior petitions that a Form I-130 petitioner discloses is confirmed by agency decisions discussing the fact that a petitioner has filed other Form I-130 petitions on behalf of other spouses. See In re [redacted], 2014 WL 5430813 (DHS) (USCIS Admin. App. Office Oct. 1, 2014); In re [redacted], 2012 WL 8527152 (INS) (USCIS Admin. App. Office Dec. 17, 2012); In re Domingo, 2006 WL 3203422 (BIA) (BIA Sept. 1, 2006).

The investigation of prior marriages and Form I-130 petitions is capable of influencing USCIS decisions because it may raise an inference of immigration abuse that leads to the denial of the current petition, even if a prior Form I-130 petition was approved and the marriage never challenged as fraudulent. "What is relevant is what would have ensued from official knowledge of the misrepresented fact." Hirani, 824 F.3d at 749, quoting Kungys, 485 U.S. at 775.

For these reasons, we conclude that the evidence at trial was sufficient to establish that Samuels falsely failed to disclose a material fact, whether materiality is an issue of fact or law in a 8 U.S.C. § 1546(a) prosecution.

The judgment of the district court is affirmed.

_____