# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4241

_____

United States of America

*Plaintiff - Appellee*

v.

Harold R. Stanley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 16, 2018
Filed: June 5, 2018

_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge.

Harold R. Stanley was convicted of evasion of payment of taxes and corruptly endeavoring to impede enforcement of Internal Revenue laws, in violation of 26 U.S.C. §§ 7201, 7212(a). He appeals, arguing that the district court[1] violated his right

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

to counsel by allowing him to proceed pro se, and erred in instructing the jury. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

On August 25, 2015, Stanley was indicted. He appeared in court on September 22. The magistrate judge[2] encouraged him to obtain counsel, and if he were unable, the court would appoint a Criminal Justice Act (CJA) attorney. Two weeks later, Stanley moved for entry of appearance by a "private attorney general," Carl Weston. Three days later, the magistrate judge denied the motion because Weston was not a licensed attorney. On October 13, Stanley appeared before the magistrate judge. The magistrate judge discussed his legal representation, including the pitfalls of self-representation. Stanley waived his right to counsel.

After several trial continuances by Stanley, the trial was set for May 31, 2016. On May 17, a Tuesday, the magistrate judge held another conference about Stanley's pro se representation. Wednesday, Stanley moved for entry of appearance by a different "private attorney general," Rodney Dale Class. Stanley also filed an entry for Weston to appear as private attorney general and "next friend." At a pretrial conference on Thursday, the district court addressed these motions. The court denied both entries of appearance because neither individual was a licensed attorney. The court again reviewed options for representation, encouraging Stanley to seek counsel. On May 24, the magistrate judge appointed standby counsel to aid Stanley with procedural questions at trial.

The next day—one week after the pretrial conference, and six days before trial began—Stanley rejected the appointed standby counsel. He moved for a continuance to retain counsel. Stanley claimed he "determined immediately after the pre-trial that it was no longer in his best interests for a fair trial to represent himself." Relying on

---

[2]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

previous discussions with Stanley about counsel, the district court denied the continuance. The morning of trial, the court further explained its decision. The court provided Stanley with an experienced defense attorney as standby counsel. This time, Stanley accepted. The court permitted Weston to act as an assistant if he did not serve as a witness and helped only with administrative tasks. After trial, the jury found him guilty. He appeals.

I.

"This court reviews de novo a district court's decision to allow a defendant to proceed pro se." *United States v. Turner*, 644 F.3d 713, 720 (8th Cir. 2011). The Sixth Amendment guarantees the accused the right to self-representation. *Faretta v. California*, 422 U.S. 806, 818-21 (1975). Even when such representation is to the accused's detriment, the choice is his and must be honored. *Id.* at 834. However, "the accused must 'knowingly and intelligently' forgo" the benefits of assistance of counsel. *Id.* at 835, *quoting Johnson v. Zerbst*, 304 U.S. 458, 464-65 (1938). The defendant "should be made aware of the dangers and disadvantages of self-representation." *Id.* "Warnings of the pitfalls of proceeding to trial without counsel . . . must be 'rigorous[ly]' conveyed." *Iowa v. Tovar*, 541 U.S. 77, 89 (2004) (alteration in original), *quoting Patterson v. Illinois*, 487 U.S. 285, 298 (1988).

Counsel may be waived if the defendant "knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835, *quoting Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942). The "court must be satisfied that the waiver of counsel is knowing and voluntary." *Turner*, 644 F.3d at 721, *citing Godinez v. Moran*, 509 U.S. 389, 400 (1993). "The adequacy of the waiver depends on the particular facts and circumstances of each case, including the background, experience, and conduct of the accused. *Id.*, *citing Edwards v. Arizona*, 451 U.S. 477, 482 (1981) and *Johnson*, 304 U.S. at 464. "This court upholds the grant of a defendant's motion to represent himself if the record shows either that the court

adequately warned him or that, under all the circumstances, he knew and understood the dangers and disadvantages of self-representation." ***United States v. Tschacher***, 687 F.3d 923, 932 (8th Cir. 2012) (internal quotations and citation omitted).

Here, the magistrate judge and the district court repeatedly advised Stanley of the dangers of proceeding pro se. He acknowledged "there was a fairly long discussion" about his decision to proceed pro se, and he "was warned of the pitfalls of proceeding without legal counsel." Stanley was offered a CJA attorney. The court also offered standby counsel to advise him in his pro se representation. Stanley rejected these offers. The day of trial, the court again offered Stanley standby counsel, and permitted a next friend to act as an administrative assistant. Stanley chose to proceed with both, but asked standby counsel to sit at the staff attorney table, not counsel table.

Stanley claims he was confused about the ability of a next friend to assist. He argues that his decision to proceed pro se was based on the belief that Weston could provide legal counsel. He contends that when the court denied his request for Weston's assistance, he "clearly revoked his desire to proceed pro se by seeking to obtain counsel." To the contrary, Stanley waited until the week of trial to request a continuance to obtain counsel. This request came after Stanley was told multiple times over eight months that Weston or any non-licensed attorney could not provide legal advice at trial. As the district court said the morning of trial: "you were advised you couldn't . . . have Carl Weston represent you because he was not a practicing attorney . . . and you were encouraged to retain counsel."

Stanley argues that like the defendant in *United States v. LeBeau*, he "clearly revoked his desire to proceed pro se by seeking to obtain counsel." ***United States v. LeBeau***, 867 F.3d 960, 974 (8th Cir. 2017). There, the defendant had counsel. He interrupted the second pretrial conference to declare he could represent himself. Ignoring him, the court proceeded with the conference. Even so, this court found that

"viewed in context," his statement "was not a clear request to represent himself." *Id.* at 975. Here, Stanley repeatedly affirmed his desire to represent himself. Responding to his motion for a continuance to seek counsel, the district court noted "because of the repeated advice of your right to trial counsel and your repeated encouragement to hire trial counsel, the 11th hour request to retain counsel was denied." In context, Stanley's motion for continuance was not a clear request to revoke his desire to proceed pro se.

The court warned Stanley of the dangers of proceeding pro se. The court offered solutions to address both his and the court's concerns. Stanley chose to represent himself. "The district court adequately warned [Stanley] of the dangers of self-representation, and did not err in finding that he understood them and knowingly waived his right to counsel." *Tschacher*, 687 F.3d at 932, *quoting* *Turner*, 644 F.3d at 722.

## II.

A challenge to a jury instruction is reviewed for an abuse of discretion. *United States v. White Calf*, 634 F.3d 453, 456 (8th Cir. 2011). However, if a party fails to object at trial, this court reviews only for plain error. *United States v. Alcorn*, 638 F.3d 819, 822 (8th Cir. 2011). Under plain error, "[t]here must be an 'error' that is 'plain' and that 'affect[s] substantial rights.'" *United States v. Olano*, 507 U.S. 725, 732 (1993) (second alteration in original). This court has the discretion to decide whether "to correct the forfeited error," and does so only when "the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original), *quoting* *United States v. Young*, 470 U.S. 1, 15 (1985).

"The district court has wide discretion in formulating appropriate jury instructions." *United States v. Cruz-Zuniga*, 571 F.3d 721, 725 (8th Cir. 2009) (internal quotations and citation omitted). "It is the rare case in which an improper

instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." ***Henderson v. Kibbe***, 431 U.S. 145, 154 (1977). This court will not find error when the jury instruction "fairly and adequately submitted the issue[] to the jury." ***United States v. Farish***, 535 F.3d 815, 821 (8th Cir. 2008) (citation omitted). The key is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." ***Cupp v. Naughten***, 414 U.S. 141, 147 (1973). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of . . . judgment is even greater than the showing required to establish plain error." ***Kibbe***, 431 U.S. at 154. The burden is "especially heavy" when "no erroneous instruction was given." *See **id.*** at 155.

Stanley attacks Jury Instruction number 11:

> [T]he defendant has represented himself in this trial. He has a constitutional right to do that. This decision must not affect your consideration and your decision whether or not he is guilty or not guilty. You have heard him speak at various times during the trial. I want to remind you that when Mr. Stanley spoke as a lawyer in the case, his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted. The defendant's testimony is evidence in contrast to his actions as a lawyer.

He argues it is not clear which of his statements the jury could consider. He claims that the instruction failed to address how the jury should consider statements made by him while cross-examining other witnesses, which "overlapped" his testimony. To the contrary, the instruction—nearly word-for-word Eighth Circuit Pattern Jury Instruction No. 2.23—correctly says that the jury may consider only his testimony as evidence. The instruction fairly and adequately explained the issue to the jury.

-6-

The district court did not err, let alone plainly err, in providing this instruction to the jury.

* * * * * * *

The judgment is affirmed.

_____