# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1978

_____

United States of America

*Plaintiff - Appellee*

v.

Pamela Lynn Bravebull

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: June 15, 2018
Filed: July 24, 2018

_____

Before KELLY, ARNOLD, and STRAS, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Pamela Bravebull and her adult daughter, Tyann, were charged with assault with a dangerous weapon, namely, shod feet, and assault resulting in serious bodily injury, *see* 18 U.S.C. §§ 1153, 113(a)(3), (6), for their attack on Theresa Seewalker. They were charged with committing the offenses both individually and by aiding and abetting the other's commission of the offenses. *See* 18 U.S.C. § 2. Though Tyann

pleaded guilty to assault resulting in serious bodily injury, Bravebull pleaded not guilty and took the matter to trial. The jury found Bravebull guilty of both offenses, but the verdict did not specify whether the jury found her guilty because she committed the offenses herself, because she aided and abetted Tyann, or both. The district court[1] sentenced Bravebull to 84 months in prison on both counts, to run concurrently.

On appeal, Bravebull maintains that a "panoply of errors" infected the proceedings below, though the record does not show that she raised any of her concerns to the district court. She first argues that the prosecutor improperly elicited what she characterizes as expert testimony during voir dire when he questioned a venireman about the dangers of shod feet, and then improperly referred to that questioning during his opening statement and closing argument as if the venireman's statements were evidence. Bravebull also maintains that the prosecutor intimated that Bravebull had stipulated that the shoe or shoes worn here were dangerous weapons. Because Bravebull did not raise an objection before the district court, we review her arguments for plain error. *See United States v. Paul*, 217 F.3d 989, 1003 (8th Cir. 2000).

We hold that any error the prosecutor committed here was not plain. For an error to be plain, it "must be clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). Our review of the trial transcript shows that the prosecutor may have strayed close to troublesome territory by discussing with the venireman his experience as a taekwondo instructor and his views on shoes as dangerous weapons, and then (maybe) referring to this discussion during his opening statement and closing argument. But Bravebull acknowledges that this is an issue of first impression and has identified no statute, rule, or case

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

prohibiting the prosecutor's actions, or more importantly, alerting the district court that it needed to correct any error sua sponte. Any such error, moreover, was not so "clear or obvious" as to obviate the need for some kind of pre-existing legal authority.

We have also independently reviewed the trial transcript, and we disagree that the prosecutor represented that defense counsel had stipulated that the shoes here were dangerous weapons. The prosecutor stated that defense counsel had stipulated to other elements of the crimes, such as, for instance, that Seewalker had suffered serious bodily injury and that the assaults were committed by Indians against Indians in Indian country. After discussing what he believed the evidence would show, only then did he say, "As we talked about in jury selection, a foot -- we agreed that a foot could be a weapon based upon how it was used." The subject of that sentence, "we," obviously referred to the prosecutor and the members of the jury, not the prosecutor and defense counsel.

For her next point on appeal, Bravebull argues that the evidence was insufficient to show that the shoes Bravebull and Tyann wore were dangerous weapons. The parties appear to agree that the evidence showed that both women wore shoes during the attack and that no one testified at trial about the specific shoes they wore. Bravebull argues that, though some shoes can be dangerous weapons, others, like Nike sandals, cannot. Bravebull did not raise this point to the district court, so we review her argument for plain error. *See United States v. Samuels*, 874 F.3d 1032, 1036 (8th Cir. 2017).

There is no plain error here because the jury could have properly inferred that Tyann, Bravebull, or both of them were wearing shoes that qualified as dangerous weapons during the attack. The court instructed the jury that a dangerous weapon "is any object used in a manner likely to endanger life or inflict serious bodily harm." The parties stipulated that Seewalker had suffered serious bodily injury, and all agree that Bravebull and Tyann were wearing some kind of shoes during the attack. One

-3-

witness testified that Bravebull and Tyann had unleashed an onslaught of full "wind-up" kicks to Seewalker's head—which is where she sustained her serious injuries. We can hardly say that it was plainly erroneous for the district court to allow the dangerous-weapon question to reach the jury in this case.

Bravebull also maintains that the charges of assault with a dangerous weapon and assault resulting in serious bodily injury are multiplicitous, that is, they charged the same offense, and the Double Jeopardy Clause forbids conviction on both charges. Federal Rule of Criminal Procedure 12(b)(3)(B)(ii) requires defendants to raise multiplicity challenges before trial, and when they do not, the challenge is untimely. Courts do not consider untimely multiplicity challenges unless the defendant shows good cause for the tardiness. Fed. R. Crim. P. 12(c)(3). Bravebull has not shown good cause, so we decline to address her argument. *See United States v. Fry*, 792 F.3d 884, 888–89 (8th Cir. 2015).

Bravebull takes issue with the district court's jury instruction on aiding and abetting, arguing that it omitted any requirement that she must have actually aided and abetted Tyann. Relatedly, she argues that the evidence was insufficient to show that she actually aided and abetted Tyann. Bravebull brought neither issue to the district court's attention, so we review these arguments for plain error. *See United States v. Stanley*, 891 F.3d 735, 739 (8th Cir. 2018); *Samuels*, 874 F.3d at 1036. Even if there was insufficient evidence that Bravebull aided and abetted Tyann and that the jury instruction on aiding and abetting was faulty, we do not think that the district court plainly erred because sufficient evidence shows that Bravebull committed the offenses herself, *see United States v. Dreamer*, 88 F.3d 655, 658 (8th Cir. 1996), a point that Bravebull does not challenge on appeal. "When the district court submits to the jury two or more grounds for conviction, for one of which there was insufficient evidence, and it is impossible to tell on what grounds the jury decided the defendant's guilt, we cannot reverse the jury's general verdict of guilty." *Id.*

Finally, Bravebull asserts that the district court erred by not giving her requested jury instruction on intoxication, which she proposed before trial. Since Bravebull did not preserve an objection on this point, we review her contention for plain error. *See Stanley*, 891 F.3d at 739. Bravebull bears the burden to show that there was a plain error below. *See United States v. Adejumo*, 772 F.3d 513, 538 (8th Cir. 2014). We cannot tell why the district court failed to give the instruction because the charge conference was not on the record. Once the parties went on the record, defense counsel did not raise any objection to the court's failing to give the instruction despite numerous opportunities to do so. Our reading of the record and evaluation of the attendant circumstances would support a conclusion that Bravebull had abandoned the intoxication defense and withdrew the corresponding instruction. Because we cannot tell on this record whether the district court committed an error, much less a plain one, Bravebull is not entitled to relief.

Affirmed.

_____