# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3020

_____

United States of America

*Plaintiff - Appellee*

v.

Darrell Janis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: May 16, 2018
Filed: August 3, 2018

_____

Before BENTON, KELLY, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury found Darrell E. Janis guilty of two counts of abusive sexual contact—one under 18 U.S.C. § 2244(a)(1) and the other under § 2244(a)(3). Janis appeals his conviction, raising a jury instruction issue and an evidentiary issue. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Janis proposed a jury instruction he claims would have "inform[ed] the jury how it should deal with inferences arising from the evidence that are equally reasonable." The proposed instruction said:

> Because of the presumption of innocence, if after considering the evidence in the light most favorable to the prosecution two inferences are equally reasonable, then the presumption of innocence has not been overcome. If the prosecution's evidence is such that a reasonable jury could find the accused to be innocent, then by definition there is reasonable doubt of guilt. When an equal or nearly equal theory of guilty and a theory of innocence is supported by the evidence viewed in the light most favorable to the respective verdict, you, as a reasonable jury, must necessarily entertain a reasonable double [sic] and find the accused not guilty.

The district court[1] rejected the instruction:

> It concerned me; it's almost a civil instruction on balancing, very much balancing on proof beyond a reasonable doubt and the presumption of innocence, and so I am going to reject that instruction. . . . I think that's a confusing instruction for jurors. If two inferences are equally reasonable, I mean, the presumption of innocence is contrary to that.

This court analyzes "whether the instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." *United States v. Benton*, 890 F.3d 697, 714 (8th Cir. 2018) (citation and internal quotation marks omitted). "A challenge to a jury instruction is reviewed for an abuse of discretion." *United States v. Stanley*, 891 F.3d 735, 739

---

[1] The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

(8th Cir. 2018) (citation omitted). But "if a party fails to object at trial, this court reviews only for plain error." *Id.* (citation omitted); *see also **United States v. Kirkie***, 261 F.3d 761, 770 (8th Cir. 2001) ("In order to preserve the issue of whether a particular jury instruction should or should not have been issued, an attorney must make a timely objection, explaining the grounds upon which the instruction should or should not issue.").

Janis did not object to the district court's refusal to give the proposed instruction. Plain-error review applies. *See **United States v. Tobacco***, 428 F.3d 1148, 1150 (8th Cir. 2005) ("Tobacco asserts the issue is preserved simply because he submitted a proposed jury instruction which the district court did not include in its proposed jury instructions prior to trial. This assertion is without merit."). "Under plain error, there must be an 'error' that is 'plain' and that 'affects substantial rights.' This court has the discretion to decide whether to correct the forfeited error, and does so only when the error seriously affects the fairness, integrity or public reputation of judicial proceedings." ***Stanley***, 891 F.3d at 739 (internal citations and quotation marks omitted).

According to Janis, "the district court's denial of his proposed instruction on inferences . . . allowed the jury to speculate about his guilt if it found competing inferences of equal evidential weight existed." He focuses on two decisions from this court. One says: "Where the government's evidence is equally as strong to infer innocence of the crime charged, as it is to infer guilt, we are not dealing in the realm of credibility, but legal sufficiency and a court has the duty to direct an acquittal." ***United States v. Jones***, 418 F.2d 818, 826 (8th Cir. 1969). The other says:

> It is true that the government is entitled to the benefit of all reasonable inferences to be drawn from the evidence. However, where the government's evidence is equally strong to infer innocence of the crime charged as it is to infer guilt, the verdict must be one of not guilty and the court has a duty to direct an acquittal.

-3-

*United States v. Kelton*, 446 F.2d 669, 671 (8th Cir. 1971); *see also United States v. Boesen*, 491 F.3d 852, 857 (8th Cir. 2007) ("where the government's evidence is 'equally consistent' with innocence or the uncharged conduct, a conviction cannot stand. This holding was fully articulated in *United States v. Davis*, 103 F.3d 660, 667 (8th Cir. 1996), '[w]here the government's evidence is equally strong to infer innocence as to infer guilt, the verdict must be one of not guilty.' However, this court has made clear that 'if the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction.' *Baker*, 98 F.3d at 338. This court has reconciled the quoted holdings: *Davis* refers only to the government's evidence, while *Baker* refers to all of the evidence, including that presented by the defense.").

The *Jones* and *Kelton* decisions summarize the law of equal inferences in criminal cases. But they do not require a district court to give an equal-inferences instruction. *See United States v. Gill*, 513 F.3d 836, 848 (8th Cir. 2008) (rejecting a request for an equal-inferences instruction because it was "nothing more than a particular wording of the government's burden of proof," and explaining that "[t]he district court was under no obligation to use the definition of reasonable doubt favored by the defendant, so long as the court instruct[ed] the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt.") (internal citation and quotation marks omitted) (alteration in original). Instead, "[t]he district court has wide discretion in formulating appropriate jury instructions." *Stanley*, 891 F.3d at 739. Exercising discretion, the district court here concluded that Janis's proposed instruction was confusing. It then instructed the jury on the presumption of innocence and the burden of proof:

> Mr. Janis is presumed innocent and, therefore, not guilty. This presumption of innocence requires you to put aside all suspicion that might arise from the arrest or charge of the defendant or the fact he is here in court. The presumption of innocence remains with the defendant throughout the trial. This presumption alone is sufficient to find the defendant not guilty. The presumption of innocence may be overcome

only if the government proves, beyond a reasonable doubt, each essential element of an offense charged. The burden is always on the government to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant to prove his innocence, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to cross-examine the witnesses called to testify by the government.

Because the equal-inferences concept is another way of explaining reasonable doubt, the district court's "instruction fairly and adequately explained the issue to the jury." *See Stanley*, 891 F.3d at 740; *Gill*, 513 F.3d at 848. Janis has not shown plain error.

## II.

Janis challenges the testimony of the government's forensic interviewer, who had met with the victim. During the testimony, the forensic interviewer appeared to vouch for the truthfulness of the victim's allegations:

[I]n every interview as well as in this interview with [the victim here], I go through the rules of the interview as well as a promise to tell the truth. It's similar to an oath. . . . And what that is is we establish the difference between the truth and a lie. Do you promise that we will just talk about things that are true? And she said yes. I asked if she was going to tell me any lies today and she had said no.

Janis objected on hearsay grounds. The district court sustained and explained to the jury that a witness cannot vouch for truthfulness:

No witness can take the stand and tell you that another witness was telling the truth or telling a lie. That is up to you to judge the credibility of witnesses and the weight of evidence. So to the extent you view this testimony as useful in considering all the facts and circumstances in the case, that's fine, but we can't get in a situation where either it's stated or the impression is left that it's [the forensic interviewer's] opinion that

-5-

[the victim] is being truthful in her testimony. That is not her job. No expert and no lay person could ever testify to that. Whether someone is telling the truth or not is entirely up to you. That's one of the key decisions you have to make with every witness in every case.

*See generally* **United States v. Roundtree**, 534 F.3d 876, 880 (8th Cir. 2008) ("Improper vouching may occur when the government expresses a personal opinion about credibility, implies a guarantee of truthfulness, or implies it knows something the jury does not.").

During the next witness's testimony, the district court, at a bench conference with the attorneys, revisited the forensic interviewer's testimony:

If [the forensic interviewer] is ever going to get on that witness stand again, I am going to have a *Daubert* hearing because I don't think under [Fed. R. Evid.] 401 a single thing she testified to is relevant because the only fact of consequence to the proceedings based on [the forensic interviewer's] testimony would be the truthfulness of the complaining witness and that is an absolute prohibited subject in a criminal trial. So it's in. But I really struggle with whether or not it's anything other than personal observations supported by the industry that presents its own language, so it appears to be expert testimony. Is your final testimony of [the forensic interviewer] about truthfulness? That's why I gave a little lecture to the jury. Really appears she was there solely and only to tell this jury that this [victim] is telling the truth and it's inadmissible. It's in. It wasn't objected to. I don't try these cases, but just for future reference, you might tell your offices that if we are going to have a notice of [the forensic interviewer] or anyone else in that specialty, I want a hearing in advance to determine the scope and whether it's admissible under 401, whether it's properly admissible under 702.

On appeal, Janis says the "question is . . . whether [the forensic interviewer] vouched for [the victim's] testimony leading the jury to believe her testimony was truthful," and argues that the "district court should have stricken the testimony of the

forensic examiner because, as the court itself concluded, her testimony failed to meet the relevance requirement of Rule 401." He contends that he preserved this issue for appellate review because the "record makes clear Janis interposed his objection to the testimony of" the forensic interviewer.

But he objected on only hearsay grounds, not relevance. "To preserve an error for appellate review, an objection must be timely and must clearly stat[e] the grounds for the objection. Errors not properly preserved are reviewed only for plain error." *United States v. Melton*, 870 F.3d 830, 839 (8th Cir. 2017). "[E]rror claimed on appeal must be based on the same grounds stated in the objection." *Ryther v. KARE 11*, 108 F.3d 832, 845 (8th Cir. 1997) (en banc). Janis did not preserve this issue, meaning this court reviews it for plain error.

"In order to affect substantial rights, the error must have been prejudicial."[2] *United States v. Kent*, 531 F.3d 642, 655-56 (8th Cir. 2008). "The prejudicial effect of any improper testimony is determined by examining the context of the error and the strength of the evidence of the defendant's guilt. Generally, remedial instructions cure improper statements, and substantial evidence of guilt precludes . . . reversing the district court." *United States v. Fetters*, 698 F.3d 653, 656 (8th Cir. 2012) (internal citations and quotation marks omitted).

Here, the district court cured Janis's vouching concerns by instructing the jury in detail that a witness cannot vouch for truthfulness. *See United States v. Chase*, 451 F.3d 474, 481 (8th Cir. 2006) ("Even if the prosecutor's comments were improper in

---

[2] "At least so long as the error is not structural." *Kent*, 531 F.3d at 656 n.3, *citing United States v. Olano*, 507 U.S. 725, 735 (1993) ("There may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome."). The alleged error here is not structural. *See United States v. Love*, 521 F.3d 1007, 1009 (8th Cir. 2008) ("We also will not reverse an erroneous evidentiary ruling if the error was harmless.").

this case, we conclude that they did not prejudicially affect Chase's substantial rights so as to deprive him of a fair trial. Although the comments were made during the prosecutor's rebuttal argument, leaving Chase with no opportunity to respond to them, the district court immediately gave a curative instruction. Chase has failed to demonstrate that this instruction was inadequate, and he did not request further instruction by the court."). And there was substantial evidence of guilt through the testimony of the victim, which the jury found credible. *See **United States v. Nguyen***, 829 F.3d 907, 921 (8th Cir. 2016) (this court is "obliged to defer to the jury's determination of the credibility of the witnesses, and will not second-guess the jury's credibility determination of the Government's witnesses.") (citation and internal quotation marks omitted). To the extent the forensic interviewer's testimony was irrelevant, Janis has not shown plain error.

*******

The judgment is affirmed.

_____