**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Reginald Dean STILL,**
**Defendant/Appellant.**

No. 86–1195.

United States Court of Appeals,
Ninth Circuit.

Sept. 20, 1988.

Before SCHROEDER, PREGERSON and BRUNETTI, Circuit Judges.

The panel has voted to deny the petition for rehearing and to reject the suggestion for a rehearing en banc.

In reviewing jury instructions, "a single instruction to a jury may not be viewed in artificial isolation, but must be viewed in the context of the overall charge." *United States v. Abushi*, 682 F.2d 1289, 1299 (9th Cir.1982), quoting *United States v. Park*, 421 U.S. 658, 674, 95 S.Ct. 1903, 1912, 44 L.Ed.2d 489 (1975). We give the trial judge "substantial latitude" so long as the instructions "fairly and adequately cover the issues presented." *United States v. Abushi*, 682 F.2d at 1299. Because Still neither objected to the court's instruction on clear and convincing evidence when given the opportunity to do so, nor offered a definition of clear and convincing evidence in his proposed instructions, we review the instructions given under the "plain error" standard. *United States v. Bustillo*, 789 F.2d 1364, 1367 (9th Cir.1986). "Reversal of a criminal conviction on the basis of plain error is an exceptional remedy, which we invoke only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process." *Id.; United States v. Paris*, 827 F.2d 395, 398 (9th Cir.1987).

Here, the alleged "plain error" is an omission from the jury instructions which rendered them misleading. However "an improper instruction rarely justifies a finding of plain error." *United States v. Glickman*, 604 F.2d 625, 632 (9th Cir.1979), *cert. denied*, 444 U.S. 1080, 100 S.Ct. 1032, 62 L.Ed.2d 764 (1980). Additionally, "it is

the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed. 2d 203 (1976).

In this case, the context and language of the overall charge indicates there has been no miscarriage of justice. As in *Henderson v. Kibbe*, supra, where the Supreme Court concluded that there was no plain error when the trial court failed to give any explanation of causation beyond the reading of the statute itself, we conclude that the court's reading of the statutory language regarding the definition of insanity and the defendant's burden of proof of clear and convincing evidence does not demonstrate plain error.

Additionally, the trial court's instructions contrasted the differences between the government's burden of proof and the defendant's burden of proof:

> Bear in mind that in a criminal case the burden of proof is on the government to prove each element of the case beyond a reasonable doubt; but if a defendant raises the issue of insanity, the burden of proof on that issue and that issue alone is on the defendant and to prevail on that defense he must show insanity as defined in these instructions by clear and convincing evidence.

Finally, the court's instructions conformed almost entirely with federal model jury instructions. *See* 1 E. Devitt, C. Blackmar and M. Wolff, *Federal Jury Practice and Instructions* § 14.17, p. 307 (3d ed. 1987 supp.); *Manual of Model Jury Instructions for the Ninth Circuit* § 6.03, p. 93 (1985). The comments following the Devitt and Blackmar instruction state "no definition of clear and convincing evidence is included. It appears that the term has not usually been defined when used in jury instructions, as in libel cases." Due to the absence of such a definition in the model instructions and the context and language of the trial court's overall charge, we cannot conclude that the district court committed plain error.

The district court's refusal to permit the County Jail psychiatrist to testify does not constitute reversible error. The trial court has broad discretion when determining whether to admit or exclude expert testimony and we will reverse only if the decision is "manifestly erroneous." *United States v. Gann*, 732 F.2d 714, 724 (9th Cir.), *cert. denied*, 469 U.S. 1034, 105 S.Ct. 505, 83 L.Ed.2d 397 (1984). Still's stated sole purpose for offering the testimony of the County Jail psychiatrist was to establish that the doctor had been prescribing Still anti-psychotic medications for a particular purpose and for a particular time. However, the court permitted the government's expert witness to testify to this same information and instructed Still that the court would consider granting a request from him to bring the county psychiatrist back for rebuttal if Still was dissatisfied with the testimony of the government's expert witness. The court also expressed a concern that by admitting the county psychiatrist's testimony, the court might be interfering with the treatment of prisoners in jails because prisoners might ask for more drugs to create the impression that they need more drugs. Considering the potential for interference with the proper treatment of prisoners and the admission of essentially the same testimony, we conclude that the trial court's decision to exclude the county psychiatrist's testimony was not manifestly erroneous.

The full court has been advised of the suggestion for en banc rehearing, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35(b).

The petition for rehearing is denied and the suggestion for a rehearing en banc is rejected.