**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

DEC 22 2022

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-10231 |
| Plaintiff-Appellee, | D.C. Nos.<br>3:20-cr-00254-CRB-1 |
| v. | |
| CARMELITA BARELA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted October 18, 2022
San Francisco, California

Before:  CLIFTON, BEA, and NGUYEN, Circuit Judges.

Carmelita Barela timely appeals her jury conviction on one count of Hobbs

Act robbery in violation of 18 U.S.C. § 1951.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

1.    Barela argues that the district court erred in instructing the jury that

"[t]hreatening to infect another person with a disease can amount to threatened

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

force, violence or fear of injury, immediate or future, to that person" because the instruction was unsupported by law, improperly emphasized the government's theory of the case, and failed to require findings that the threat was made knowingly or intentionally and was a threat of violent force. We review "de novo whether jury instructions omit or misstate elements of a statutory crime or adequately cover a defendant's proffered defense." *United States v. Kaplan*, 836 F.3d 1199, 1214 (9th Cir. 2016) (cleaned up). We review the wording of jury instructions for abuse of discretion. *Id.*

Because the parties are familiar with the facts, we need not recount them in detail here. We conclude that the district court did not err in its "threatened force" instruction. Barela's threat to expose Walgreens employees to COVID-19 could have easily put the store clerks in "fear of injury." *See, e.g.*, Black's Law Dictionary at 939 (11th ed. 2019) (defining injury as "[a]ny harm or damage" and defining bodily harm as "[p]hysical pain, *illness*, or impairment of the body" (emphasis added)); *see also Johnson v. United States*, 559 U.S. 133, 138 (2010) (attributing the "ordinary meaning" to undefined words in the statute, meaning reliance on dictionary definitions). By threatening to infect someone with an illness known to cause bodily harm, as Barela did, one could certainly put another in "fear of injury" under the Hobbs Act. The district court's jury instruction also did not improperly adopt the government's theory nor improperly deemphasize the

2

defense's theory. The instruction left the jury to determine whether Barela threatened anyone with a disease and, if she did, whether such a threat amounted to threatened force, violence, or fear of injury, immediate or future.

The district court also properly gave the Ninth Circuit Model Jury Instruction on Hobbs Act robbery and did not err by rejecting Barela's request to insert the word "intentional" in the instruction.[1] The jury necessarily found that Barela threatened to expose the Walgreens employees to COVID-19, which fulfills the required intent for Hobbs Act robbery, as threatening someone denotes intentionality. *See* Ninth Circuit Model Jury Instruction 9.8 cmt. (stating that Hobbs Act robbery has "criminal intent—acting 'knowingly or willingly'—[a]s an implied and necessary element that the government must prove for a Hobbs Act violation") (citing *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020)); *cf. United States v. Henry*, 984 F.3d 1343, 1358 (9th Cir. 2021) ("[T]he word 'assault' used in [defendant]'s indictment denotes intentionality."). Additionally, the district court's jury instruction for Hobbs Act robbery, which

---

[1] Barela requested the addition of the italicized word in the Ninth Circuit Model Jury Instruction below:

> "Robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against their will, by *intentional* means of actual or threatened force, or violence or fear of injury, immediate or future, to his person or property, or to property in his custody or possession, or to the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

largely conformed to the Ninth Circuit Model Jury Instruction, adequately conveyed the force required for a conviction and did not need the addition of a "violent force" instruction as argued by Barela for the first time on appeal. *See United States v. Still*, 857 F.2d 671, 672 (9th Cir. 1988) (holding no plain error where "the court's instructions conformed almost entirely with federal model jury instructions").

2.    Barela's challenges to the sufficiency of the evidence as to the force and affects-commerce elements of Hobbs Act robbery lack merit. Viewing the evidence in the light most favorable to the government, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), we hold that there was sufficient evidence to support the verdict. The jury heard testimony from the Walgreens store manager that she saw Barela cough and heard her say "I have COVID" as she loaded her purse with store merchandise and again as she walked out of the store, and the jury saw video footage of Barela walking out while the store manager stepped back to keep away from her and took a photograph that depicts a smiling Barela walking out with her bags full. A rational trier of fact could have found from this evidence that Barela's conduct amounted to threats to infect the employees with COVID-19, made with intent to keep them from interfering with her theft of merchandise. Regarding the affects-commerce element, Barela stipulated to "the element of the offense which requires that it have an impact on interstate commerce," and the jury was so

advised. Barela's stipulation provided sufficient evidence as to that element. *See Old Chief v. United States*, 519 U.S. 172, 186 (1997); *United States v. Merino-Balderrama*, 146 F.3d 758, 762 (9th Cir. 1998).

3.    We review de novo whether the admission of evidence violated the Confrontation Clause, and for abuse of discretion a district court's decision to admit evidence under the Federal Rules of Evidence. *United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017). The district court's admission of a portion of a 911 call by a non-testifying witness did not violate the Confrontation Clause and was not an abuse of discretion under the Federal Rules of Evidence. The primary purpose of the portion of the 911 call was for facilitating police assistance, such that the statements were made for primarily nontestimonial purposes. *See United States v. Fryberg*, 854 F.3d 1126, 1134–35 (9th Cir. 2017). And the portion of the 911 call did not violate the rule against hearsay because the witness was reporting present sense impressions. *See* Fed. R. Evid. 803(1). In any event, even if part of the call was erroneously admitted, any error was harmless, as there was more than enough evidence for the jury to convict Barela without the non-testifying witness's statements from the 911 call. *See United States v. Shayota*, 934 F.3d 1049, 1052 (9th Cir. 2019).

**AFFIRMED.**