**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 23-30002 & 23-935 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:19-cr-00210-RAJ-2 |
| | 2:19-cr-00210-RAJ |
| JOANN THOMAS, | Western District of Washington, Seattle |
| Defendant-Appellant. | MEMORANDUM* |

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 23-30023 & 23-1030 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:19-cr-00210-RAJ-1 |
| ALLAN THOMAS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted July 12, 2024**
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concluded these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN, CLIFTON, and De ALBA, Circuit Judges.

Joann Thomas ("Joann") and Allan Thomas ("Allan") (collectively, the "Thomases") appeal their convictions for Aggravated Identity Theft under 18 U.S.C. § 1028A(a)(1) following a joint jury trial in May 2022. The parties are familiar with the complete facts, and we summarize them only as necessary herein. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

A jury convicted the Thomases of several counts of mail and wire fraud (among other charges), which serve as the predicate offenses to the § 1028A convictions. *See* 18 U.S.C. § 1028A(c)(5). The Thomases challenge their convictions under § 1028A only. They do not challenge their convictions for the underlying fraud, which involved submitting falsified documents and payment requests (also called vouchers) to the King County treasurer's office to obtain payments for public works projects that never actually occurred in a special drainage district known as "DD5" in Enumclaw, Washington. Allan was a long-time DD5 commissioner; Joann acted as the DD5 secretary and was "actively involved in submitting" the vouchers. The County required at least two commissioners' signatures on the vouchers to issue any payments, otherwise it would not accept the voucher.

The Thomases' § 1028A convictions are based on forging the signatures of two other individuals. The jury convicted both Joann and Allan for forging the

2

signature of Kennet Olson, who was the only other DD5 commissioner at the relevant times, on multiple vouchers submitted to the County between 2015 and 2019. Joann was also convicted for forging the signature of her stepson, Alexander Thomas, on two checks in December 2017 to use some of the fraudulently obtained funds for personal expenses.

The Thomases argue that their convictions for Aggravated Identity Theft should be vacated because Jury Instruction Number 21 ("Instruction 21") regarding that charge omitted what they characterize as "elements" of § 1028A in light of the Supreme Court's recent decision in *Dubin v. United States*, 599 U.S. 110, 131–32 (2023), namely that the "use" of Olson's and Alexander Thomas's names had to be fraudulent or deceptive and had to be at the "crux" of the underlying fraud.

The Thomases concede that they did not object to Instruction 21, and indeed they submitted a proposed jury instruction with substantially similar language to the final instruction. The record indicates that the Thomases did not raise any post-trial motions for acquittal on any grounds.

1.      Where, as here, the appellants failed to timely object to jury instructions or the sufficiency of the evidence to the trial court, we review for plain error. *See* Fed. R. Crim. P. 30(d), 52(b); *United States v. Olano*, 507 U.S. 725, 731 (1993). Plain error also applies where grounds for the objection "have since arisen due to a new rule of law arising between the time of conviction and the time of

3

appeal." *United States v. Pelisamen*, 641 F.3d 399, 404 (9th Cir. 2011).

Under plain error review, it is the Thomases' burden to show that "1) there was error; 2) the error was plain; and 3) the error affected substantial rights." *United States. v. Lo*, 447 F.3d 1212, 1228 (9th Cir. 2006) (citing *Olano*, 507 U.S. at 732). Even if they satisfy those three threshold requirements, they must also show that "the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Greer v. United States*, 593 U.S. 503, 508 (2021) (internal quotations and citations omitted). Meeting all four requirements is "difficult." *Id.* "[A]n instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Neder v. United States*, 527 U.S. 1, 9 (1999). Instead, "[r]eversal on the basis of plain error is an exceptional remedy and an improper jury instruction rarely justifies reversal of a conviction for plain error." *Lo*, 447 F.3d at 1228 (citing *United States v. Still*, 857 F.2d 671, 671-72 (9th Cir. 1988)). Plain error relief under Rule 52(b) is discretionary, not mandatory. *See Olano*, 507 U.S. at 735.

2. Section 1028A(a)(1) provides that "[w]hoever, during and *in relation to* any felony violation enumerated in subsection (c), knowingly transfers, possesses, or *uses*, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced

4

to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1) (emphasis added). In *Dubin*, the Supreme Court held that "[a] defendant 'uses' another person's means of identification 'in relation to' a predicate offense when this use is at the crux of what makes the conduct criminal." 599 U.S. at 131. It further clarified that "being at the crux of the criminality requires more than a causal relationship, such as 'facilitation' of the offense . . . [and] with fraud or deceit crimes . . . the means of identification specifically must be used in a manner that is fraudulent or deceptive." *Id.* at 131–32 (internal citation omitted).

3. The § 1028A jury instructions in this case did not define the "use" or "in relation to" elements of the charge. We assume without deciding that failing to define the "use" and "in relation" to elements constitutes plain error. However, even assuming the instructions were plainly erroneous, the error did not affect the Thomases' substantial rights because the evidence at trial strongly supports the convictions under *Dubin*'s standards. *See Greer*, 593 U.S. at 507-08 (requiring "a reasonable probability that, but for the error, the outcome of the proceeding would have been different" to meet the third prong of plain error review).

4. Regarding Joann's conviction for using Olson's name and signature (Count 10), the evidence showed that the Thomases forged Olson's signatures on multiple vouchers between October 2015 and January 2019. The County required at least two signatures on the vouchers to issue any payments. Contrary to Joann's

5

assertions, Olson's signature was necessary for the Thomases to obtain payments from the County, and thus it was at the "crux" of the crime. And, by forging Olson's signature, the Thomases deceived the County regarding the vouchers' legitimacy. In *Dubin*'s terms, the Thomases lied about "'who' is involved" in signing the vouchers. 599 U.S. at 132. Joann's remaining argument that vouchers from 2015–2019 were not admitted into evidence is incorrect and directly contradicts the record.

5. Regarding Joann's conviction for using Alexander Thomas's name and signature (Count 11), except for her denial (which the jury rejected and found perjurious), the evidence that she forged Alexander's signatures on the December 2017 checks is uncontested. Joann and Alexander were the only authorized signatories on the bank account in question, and only one of their signatures was necessary for doing business on the account. Joann could have signed the December 2017 checks herself, but for some unexplained reason, she did not. Absent Joann's signature, Alexander's was necessary for the checks to be valid and for the Thomases to obtain money from the account, which is where they deposited most of the funds that they fraudulently obtained from King County. Thus, Alexander's forged signature on the December 2017 checks was sufficiently at the "crux" of the fraud to satisfy *Dubin*. Even if it was not, the outcome would be the same for Joann because her 24-month sentence for both Counts 10 and 11 run

6

concurrently, such that her sentence would be the same even if the conviction for Count 11 was erroneous.

Additionally, the defense largely ignored the identity theft charge and focused on denying the underlying fraud and other charges, further undermining any argument that Instruction 21 affected the trial's outcome.

6. As for Allan's conviction for using Olson's name and signature (Count 10), even assuming Instruction 21 was plainly erroneous, it did not affect his substantial rights for the same reasons as we have discussed regarding Joann's conviction for Count 10. Allan's contention that the evidence of Olson's forged signatures on the vouchers is "weak" is unconvincing. Allan points to nothing in the record that contradicts Olson's testimony about forgery except for his own testimony that was found to be perjurious. Instead, he implicitly asks us to reweigh the evidence and reassess witnesses the jury found to be credible at trial, which we will not do. *See United States v. Hopkins*, 486 F.2d 360, 362 (9th Cir. 1973) ("Since there was a discrepancy in the evidence, it was a question for the jury. Suffice it to say, the jury was not impressed with [Defendant's] version"); *see also United States v. Lindsey*, 634 F.3d 541, 552 (9th Cir. 2011) ("We 'cannot second-guess the jury's credibility assessments'" when reviewing the sufficiency of evidence (quoting *United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010))).

The evidence in the Thomases' case therefore satisfies *Dubin*.

7.     The Supreme Court's decision in *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016) forecloses Allan's additional argument that Instruction 21 required the Government to prove Aggravated Identity Theft in relation to both mail and wire fraud. Section 1028A requires only one predicate offense to establish liability, not two. *See* 18 U.S.C. § 1028A(a)(1), (c). Assuming Allan is correct that Instruction 21 required the Government to prove Aggravated Identity Theft in relation to *two* predicate offenses, then the instruction erroneously heightened the Government's burden. We do not apply the incorrect burden when reviewing the sufficiency of the evidence, and we are not bound by the district court's erroneous instructions. *See Musacchio*, 577 U.S. at 245. In any event, the record evidence sufficiently supports Allan's conviction for Aggravated Identity Theft in relation to the mail and wire fraud.

Joann Thomas's conviction for two counts of Aggravated Identity Theft under 18 U.S.C. § 1028A, Case Nos. 23-30002 & 23-935, is **AFFIRMED.**

Allan Thomas's conviction for one count of Aggravated Identity Theft under 18 U.S.C. § 1028A, Case Nos. 23-30023 & 23-1030, is **AFFIRMED.**